ASPINWALL vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, imp.

RAILROADS: *Estimating value of mortgaged land, taken for road.*

In a mortgage foreclosure, where the land has been conveyed, since the mortgage, to a railroad company for the use of its road, its value (for the purpose of determining the rights of the company, under secs. 16 and 21, ch. 119, Laws of 1872) must be estimated *as it was when the company acquired the title*, without improvements made by the company; and if its actual market value was *then* enhanced by the projected and prospective construction of the company's road, it must be estimated at such enhanced value.

APPEAL from the Circuit Court for *Dane* County.

Action to foreclose a mortgage on certain lots in Madison, executed by the defendant Christine Massing and her late husband to the plaintiff. The defendant railway company, contemplating an extension of its railway upon one of the mortgaged lots, purchased and took a conveyance of such lot of and from the mortgagors, after the execution and recording of the plaintiff's mortgage. Afterwards the railway was constructed upon the lot as contemplated.

During the progress of the action in the circuit court, the railway company made application to the court for the appointment of commissioners to appraise the value of such lot, pursuant to sec. 21, ch. 119, Laws of 1872; and such commissioners were thereupon duly appointed. Subsequently the

commissioners reported to the court that they had made such appraisal, and had determined that at the time the railroad company took such conveyance from the mortgagors, the value of the lot, " without improvements made by said railway company, was the sum of. $350, irrespective of the then enhanced value caused by reason of the projected and prospective construction of the Chicago & Northwestern Railway; and that the said value of the lot at that time, without improvements made by said railway company, but including its then enhanced value caused by reason of the projected and prospective construction of said railway, was the sum of $600."

Thereupon the attorneys for the defendant railway company moved the court to confirm the appraisal of the commissioners at $350, and the attorneys for the plaintiff moved that it be confirmed at $600. The court denied the motion made on behalf of the railway company, and confirmed the appraisal at $600; and judgment was entered accordingly.

The railway company appealed from so much of the judgment as imposed upon it the liability to pay more than $350 and interest, to free the lot in question from the lien of the plaintiff's mortgage.

For the appellant, a brief was filed by *Smith & Lamb*, and the cause was argued orally by *Geo. B. Smith*. They relied upon sec. 16, ch. 119, Laws of 1872; and also cited Pierce on Am. R. R. Law, 204, note 1; *Henry v. R. R. Co.*, 2 Clarke (Iowa), 289; *Robbins v. R. R. Co.*, 6 Wis., 636–642.

For the respondent, a brief was filed by *Vilas & Bryant*, and the cause was argued orally by *W. F. Vilas*. They cited *M. & M. R. R. Co. v. Eble*, 3 Pin., 334; *Robbins v. R. R. Co.*, 6 Wis., 636; *Kennedy v. Railway Co.*, 22 id., 581; *Driver v. R. R. Co.*, 32 id., 569; *Bohlman v. Railway Co.*, 40 id., 157.

LYON, J. When the appellant took a conveyance of the lot in question from the mortgagors, it had made no improvements

thereon, but the value of the lot had been increased $250 by the fact that the appellant then contemplated the construction of a line of railway in that vicinity. The only question presented by this appeal is, whether such increased value should be included in, or excluded from, an appraisal made for the purpose of fixing the amount which the appellant may be liable to pay to clear the lot from the lien of the plaintiff's mortgage.

The statute provides that in a case like this, the land to which a railroad company has acquired title subject to a mortgage or other lien, shall be appraised by the commissioners at its value at the time the company acquires title, without improvements by the railroad company; and such appraisal, when confirmed by the court, is the maximum amount of the incumbrance chargeable to such land. Laws of 1872, ch. 119, sec. 21. The same section provides that the commissioners shall "proceed in the manner prescribed herein" to make such appraisement. The language above quoted evidently refers to the procedure prescribed in section 16 of the act for the condemnation of land to the use of a railroad company. The latter section contains the following rule of appraisement: "Said commissioners shall not make any allowance or deduction from the value of real estate taken, on account of any real or supposed benefits which the parties in interest may derive from the construction of the proposed railroad, or the construction of the proposed improvement connected with such road, for which such real estate may be taken."

The rules prescribed in sections 16 and 21 by which the appraisement is to be made, are not new. They were well established by the decisions of this court before ch. 119 of 1872 was enacted. The owner of property taken for public use is entitled to be paid the value of the property at the time of taking. This is the "just compensation" of the constitution, art. I, sec. 13. He is entitled to nothing more; he cannot be compelled to accept anything less. He is to be made good, by an equivalent in money, for the loss he sustains by being deprived

of his property. *Bigelow v. West Wis. R'y Co.*, 27 Wis., 478. It would be unjust to compel a railway company, which, in the exercise of the delegated right of eminent domain, had procured a condemnation of land, to pay the owner the value of improvements which it had placed upon the land pending the condemnation proceedings. Hence the rule of section 21.

It would also be unjust to compel the company to pay the increase in the value of the land which would or might result in the future from the building of the projected railroad. That would give the owner not only the value of the thing taken, when taken, but its increased value long after he has ceased to be the owner of it. Hence the rule of section 16. That section excluded any addition to the value of the land condemned, on the ground that when the projected railroad shall be constructed the land will be of greater value than at the time of its condemnation.

We think the statute is in entire accord with the constitution in that it provides that the owner of land condemned shall be paid the value thereof at the time of the taking or condemnation. In the present case, the statute makes such value at the time the railway company acquired the title of the mortgagors, the basis of compensation.

It appears by the appraisal of the commissioners, that the lot in question was of the value of $600 when the appellant took the conveyance thereof from the mortgagors. True, the fact that the construction of a railroad there was contemplated enhanced such value $250. Still the other fact remains, that the lot was worth $600 when the company acquired the title of the mortgagors. This is the controlling fact, and it seems quite immaterial that one of the elements of such value was the proposed construction of the railroad over or near the lot.

If the market value of the lot was $600, and it could then have been sold for that sum to other parties, no good reason is perceived why its value should not be fixed at that sum in

this proceeding. Such, we are satisfied, is the intent and meaning of the statute.

To include in the appraisement such enhanced value, is not making an allowance in favor of the plaintiff for benefits which she " may derive from the construction of the proposed railroad," but only for benefits which she has already derived from the probability that the road would be constructed at some future time. Had the commissioners determined that the lot was worth $350 at the time the appellant acquired the title of the mortgagors, but that after the railroad was constructed it became worth $600, we should have a case within the prohibition of the statute. But this is not such a case.

*By the Court.* — The judgment of the circuit court is affirmed.