## THOMAS VS. WIESMANN.

*(1, 2) Replevin:  recovery of nominal damages and costs.   (3) Review of ruling upon evidence:  bill of exceptions.*

1. Payment, pending an action, of *part* of the claim therein sued upon, does not deprive plaintiff of his right to recover the remainder.
2. Thus, in replevin by a town treasurer for a chattel levied upon by him to raise a tax, and taken from him by defendant (where plaintiff had acquired possession of the chattel under the statute), payment of the tax and return of the chattel by plaintiff to defendant did not preclude a recovery by plaintiff of damages for the detention, *with costs of the action*, although such damages were merely nominal.
3. The exclusion of a record offered in evidence to show the pendency of a former suit for the same cause between the same parties (alleged in the answer), cannot be reviewed in this court, in the absence of anything in the bill of exceptions to show the contents of such record.

APPEAL from the Circuit Court for *Kenosha* County.

Replevin, for a mare seized by plaintiff as town treasurer, by virtue of a tax warrant, for the collection of an unpaid tax,

and afterwards taken from his possession by defendant. The jury found that defendant was entitled to possession at the commencement of this action, and assessed the value of the mare, and nominal damages for the detention. The judgment in plaintiff's favor was for such nominal damages and the costs; and defendant appealed therefrom.

The cause was submitted on the brief of *Henry Wiesmann* for the appellant, and that of *J. V. Quarles* for the respondent.

COLE, J. We do not feel called upon to notice, in detail, the numerous errors assigned for reversal of this judgment. The appeal really involves nothing more than a question of costs. The jury, under the charge of the court, must have found that the plaintiff, as town treasurer, seized the mare in question by virtue of a valid tax warrant, for the purpose of collecting an unpaid tax which the defendant and his father were jointly liable to pay; that a personal demand was made by the plaintiff, subsequent to January 1, 1875, upon the defendant and his father, for the payment of this tax, and payment refused; that the mare was the joint property of the defendant and his father; and that the defendant unlawfully detained the animal from the possession of the plaintiff. There was evidence from which the jury might well have found these facts.

It appears that the amount of delinquent tax, with fees for collection, and interest, was paid pending the appeal in the circuit court, and the mare was returned to the possession of the defendant. But the payment of the tax did not settle the controversy, nor extinguish the plaintiff's right of recovery. For payment of part of a claim, pending an action, does not deprive a party of his right to recover the remainder. In this case, payment of the tax would go in mitigation of the damages which the plaintiff had the right to recover. But he was entitled to recover damages for the detention and conversion of the property by the defendant, even after the tax was paid.

Thomas vs. Wiesmann.

True, the jury only gave nominal damages, perhaps because the plaintiff claimed no more.

In his answer the defendant set up, as a bar to this action, the pendency, in the circuit court, of a former suit in which he was plaintiff, and the plaintiff in this suit was defendant. On the trial, Mr. Nichols, clerk of the circuit court, was sworn as a witness for the defendant, and produced papers in the case of Henry Wiesmann against Martin Thomas, as returned to him by A. W. Pease, a justice of the peace of the county. These papers were offered in evidence, but were excluded on the objection of the plaintiff. This ruling is assigned as error. The bill of exceptions fails to show what that record was. Being ignorant of its nature and contents, we cannot say that it was improperly rejected. Indeed, we must presume that the court excluded it because it was irrelevant and immaterial. If the defendant desired the ruling of the court as to the admissibility of the record to be reviewed, he should have incorporated it in the bill of exceptions, or, at least, set it out sufficiently, so that we could see, on inspection, that it was the record of a former suit still pending and undetermined, relating to the property or transaction which is in controversy in this action. As the record stands, we must presume that the court was right in rejecting the record and papers offered in evidence.

This disposes of all the questions we deem it necessary to notice.

*By the Court.* — The judgment of the circuit court is affirmed.

A motion by the appellant for a rehearing was denied.