WEST VS. THE MILWAUKEE, LAKE SHORE & WESTERN RAILWAY COMPANY.

*November 24 — December 12, 1882.*

*(1, 2) Evidence: Bill of Exceptions. (3, 6) Instructions to jury. (4) Taking of land for railroad: on appeal, value to be fixed at time of award; (5, 6) and interest thereon to be allowed. (7) Addition of certain amount to verdict, on reversal of judgment.*

1. This court cannot hold that a map which is not referred to in, nor in any way identified as a part of, the bill of exceptions, so as to constitute a part of the record, should have been admitted in evidence on the trial.

2. Where the bill of exceptions is not certified to contain all the evidence, a statement by the trial judge, in his charge to the jury, as to what the evidence was, must in this court be taken as a verity.

3. Certain words in the charge of the trial judge which might, if taken by themselves, be erroneous, are *held* to have been so qualified subsequently, that they did not mislead the jury.

4. On an appeal from the award of commissioners of appraisal fixing the amount to be paid for land taken by a railroad company by right of eminent domain, the question to be determined is not the value of the land at the time of the trial, but its value at the time of filing the award.

5. In such a case, however, interest should, *as a general rule*, be allowed on such value from the date of the award. But this general rule is liable to be controlled by the circumstances of each case.

6. No circumstances appearing by the record in this case which should make it an exception to the general rule allowing interest, and the bill of exceptions being certified to contain, not all the evidence, but all of it which is material to the exceptions, a direction of the trial judge to the jury not to allow interest (which was not put upon the ground that the circumstances would make it inequitable), is *held*, error.

7. Where an amount readily ascertainable (as interest on a certain sum for a certain time) was improperly excluded from the verdict, this court, on reversing the judgment for that reason, will permit the party in whose favor the mistake was made to stipulate for the addition of that amount to the verdict, and then authorize judgment for the amount of such verdict and addition.

APPEAL from the Circuit Court for *Outagamie* County. The case is thus stated by Mr. Justice Cassoday:

" A petition was duly filed in the office of the clerk of the circuit court for Outagamie county for the condemnation for railway purposes, under ch. 87, R. S., of lot two, in block one, in the fourth ward of Appleton (except a piece described by metes and bounds), and alleged the same to belong to the plaintiff, and the necessary steps intermediate to its filing and the report of the commissioners were duly had and taken. November 28, 1879, the commissioners filed their award, giving to the plaintiff therefor $1,000; and in the December

following both parties appealed to the circuit court, where the cross-appeals were consolidated by the court, and a trial thereon had therein by a jury, who, under the charge of the court, returned a verdict for the plaintiff of $1,425; and from the judgment entered thereon the *plaintiff* brings this appeal."

For the appellant there was a brief by *Sloan & Bottensek*, and oral argument by *Mr. Sloan*.

*Alfred L. Cary*, for the respondent; argued, *inter alia*, that as the amount of the award had never been paid into court or to the plaintiff, and as the defendant could not lawfully take possession of the land until this was done, the presumption is, in the absence of evidence to the contrary, that the plaintiff had all the time remained in the full possession and enjoyment of the property. This being so, he was not entitled to interest. *Edmands v. Boston*, 108 Mass., 535; *Kidder v. Oxford*, 116 id., 165; *People v. Le Grange*, 2 Mich., 187; *Metler v. E. & A. R. R. Co.*, 8 Vroom, 222; *B. & P. R. R. Co. v. McComb*, 60 Me., 290; *Railroad Co. v. Gesner*, 20 Pa. St., 240; *Cook v. South Park Comm'rs*, 61 Ill., 115; *South Park Comm'rs v. Dunlevy*, 91 id., 49; *Norris v. Philadelphia*, 70 Pa. St., 332.

CASSODAY, J. Among the errors complained of by the plaintiff were the exclusion of certain maps and evidence relating to the same, and the pointing out, upon the map offered, the location of the land. It appears that the jury viewed the premises; that a diagram (Exhibit A) of the premises, made by a civil engineer and surveyor, who was one of the plaintiff's witnesses, was admitted in evidence, and the plaintiff testified: "I have examined the description mentioned in the condemnation proceedings: That part of *all of lot* two of block one, in fourth ward, city of Appleton, except certain property mentioned there. I made a survey of that property. Upon this diagram (Exhibit A) is shown what portion of the lot was taken by the description mentioned in

AUGUST TERM, 1882.          321

West vs. The Milwaukee, Lake Shore & Western R'y Co.

the condemnation proceedings. It shows the bearings and distances separating the land in litigation from that I sold to Angus Smith. It includes all of lot two except that." Thus it appears that the plaintiff was permitted to locate and point out to the jury the land for which he was seeking damages, and there does not seem to have been any dispute about it. There seems to have been no claim that the condition of the premises was any different at the time of the trial and the time of making the award. These things being so, it is difficult to perceive just how the plaintiff could be injured by their exclusion, even if the map did show something different. But the map is not referred to in, nor in any way identified as a part of, the bill of exceptions, and hence is no part of the record; and we are not authorized, in its absence from the record, to hold that it should have been admitted. For aught that appears, there may be many reasons why it was properly excluded. *Thomas v. Wiesmann*, 44 Wis., 339. Besides, the plaintiff seems to have confined his evidence of value exclusively to a certain twenty-two feet. This appears from the judge's charge, which is a part of the bill of exceptions. He told the jury: "You have nothing to do with any value of this tail-race, or any interest *Mr. West* may have had in the tail-race. There is no evidence about that. The evidence has been confined to the value of that part of this land which is not in the tail-race, and is not claimed to be in the tail-race; simply the twenty-two feet on Lake street, and the other dimensions of it you will remember." It is true, this portion of the charge is excepted to; but the bill of exceptions is not certified to contain all the evidence, and hence the statement in the charge as to what the evidence was must be taken as a verity. *Pick v. Rubicon Hydraulic Co.*, 27 Wis., 438.

It is urged as error that the court charged the jury: "You are entitled to consider, *and must and should consider*, what *Mr. West* sold the adjoining tract for, the tract to Angus

Smith, and the price he got for it; but you *are not bound to act upon that alone*, and you ought not to act upon that alone, but in connection with the other evidence. *Mr. West* had the right, if he wished, to give that land to the railroad company, or sell it for what it was worth, or less than it was worth, or more than it was worth, if he could get it, so what he got for that land is not binding upon you for the price to be fixed by you upon this property, but only as an item of evidence arriving at what you believe from the whole evidence to be the actual value or the actual market value of the property now in question." While the words " must and should consider," taken by themselves, may have been objectionable, yet, as they were subsequently qualified, we are clearly of the opinion that they did not mislead the jury.

The trial court was clearly right in excluding evidence of value at the time of the trial, and charging the jury, in effect, that they should find the value as of the time of filing of the award. *Lyon v. Railway Co.*, 42 Wis., 538; *Aspinwall v. Railway Co.*, 41 Wis., 474; *Driver v. Railroad Co.*, 32 Wis., 569; *Kennedy v. Railway Co.*, 22 Wis., 581; *Mil. & Miss. R. R. Co. v. Eble*, 3 Pin., 334. The statute provides that the report of the commissioners be recorded by the clerk in the judgment book, and at any time after making the award the railroad corporation may pay to the owner of the lands so taken, or to the clerk of said court for the use of such owner, the amount awarded by the commissioners, and thereupon may enter upon, take, and use the land for the purposes for which it was condemned, and move said court or judge, upon twenty-four hours' notice, that a writ of assistance may be issued to put such corporation into possession of the same, and said court or judge shall, upon the corporation's giving security in such additional amount as the court or judge shall require to pay any judgment which shall be recovered against it on appeal, award such

writ. Sec. 1850, R. S. The section then goes on and states when and upon what conditions the owner is entitled to the money, pending an appeal by the respective parties. It is clearly the legislative intent that the corporation shall have the right to take possession immediately upon filing the award, and hence on appeal the value of the land should be fixed as of that date. Even though the right to take be not immediately perfected, yet when perfected it relates back to the time when the corporation might have taken possession.

The only error we can discover in the record is a remark of the judge, incidentally made in answer to a juryman, at the close of the charge. The juryman asked the court this question: "In determining the amount, after the amount is determined, are we to cast any interest?" *By the court:* "No; I don't think that will be hardly safe. Just say, 'We find for the plaintiff,' and assess his damages at the amount you think he ought to recover." Having just directed the jury to fix the value as of the time of making the award, this was, we think, equivalent to directing the jury not to allow anything in addition by way of interest.

In *Metler v. R. R. Co.*, 37 N. J. Law, 222, cited by defendant's counsel, it was held that, " on proceedings to condemn lands required by a railroad company, the date of the report of the commissioners is the time with reference to which the valuation of the land and damages for the taking is to be made by the jury on the trial of the appeal. Interest from the date of the award of the commissioners should, as a general rule, be allowed, not strictly as damages, but as an equitable mode of compensating the owner for the necessary delay in ultimately ascertaining the amount he is entitled to be paid. This general rule for the allowance of interest is liable to be controlled by the circumstances of each case. If the owner has had the profitable use of the premises or has received rents pending the appeal, these circumstances should be taken into account, and interest abated accord-

ingly." These rules seem to be correct statements of the law, and they are in harmony with the repeated rulings of this court.

We find no equitable considerations in the record here sufficient to bring the case within an exception to the general rule. Had the defendant shown that the plaintiff continued in possession, and that the same was of value equivalent to such interest, then it might have been proper to direct the jury not to allow interest. The record is not certified to contain all the evidence, and possibly there was some evidence to justify the direction of the court, but the learned judge does not put his direction upon that ground. Had he done so, we should, under the certificate to the bill of exceptions, upon the theory already stated, have treated it as a verity. But he has not, and the bill of exceptions is certified to contain "all the evidence given, taken, or had upon the trial of said action which is material to the consideration of the exceptions herein set forth and presented." We must, therefore, hold that the direction not to allow interest was error.

As this error involves a mere calculation of interest, and requires no new finding of any fact, we are inclined to think we should be doing injustice to both parties should we order a new trial. We have frequently held that where the verdict includes an unauthorized excess, readily ascertainable, the plaintiff might, at his option, within thirty days after filing the *remittitur* in the court below, remit the amount of such excess and take judgment for the balance only, or have a new trial. *Page v. Sumpter*, 53 Wis., 657; *Wylie v. Karner*, 54 Wis., 598. So it has been held that, "in actions of tort as well as those upon contract, where the damages allowed by the jury are clearly excessive, the trial court may either grant a new trial absolutely, or permit the plaintiff to remit the excess, and, in case he does so, order the verdict to stand for the residue." *Corcoran v. Harran*, 55 Wis., 120.

Here there was an amount, readily ascertainable, improperly excluded from the verdict. Upon principle, we see no difference in allowing a party against itself voluntarily to add to the verdict the amount so improperly excluded, and then authorize judgment for the amount of such verdict and addition, and the remission of part of an excessive verdict.

In harmony with the practice thus indicated, the defendant is authorized at his option, within thirty days after filing the *remittitur*, to serve upon the opposite party and file with the clerk a stipulation authorizing the plaintiff to take judgment for the amount of the verdict, with interest thereon at seven per cent. from the time of the rendition of said award to the entry of such judgment, in which case the plaintiff will be entitled to judgment for the amount of such verdict and interest.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial, subject to the option expressed above.