UNIACKE, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*October 14— November 3, 1886.*

RAILROADS: CONDEMNATION OF LAND. *(1) Interest on damages assessed by jury from filing of award of commissioners. (2) Expert testimony as to value: Cross-examination.*

1. Upon an appeal from the award of the commissioners in proceedings to condemn land for a railroad, as a general rule interest should be allowed upon the whole sum assessed by the jury as compensation, from the filing of the award of the commissioners. The burden is upon the railroad company to show the existence of conditions which should take the case out of this general rule,— as that the sum awarded was paid or tendered to the owner instead of being paid into court, or that the owner has received the amount paid into court, or that he has continued to have the beneficial use of the land or receive rents the value of which equals the interest. The mere fact that the railroad company has not taken possession of the land is not sufficient. *Feiten v. Milwaukee,* 47 Wis. 494, distinguished.

2. An expert witness having given his opinion as to the value of land sought to be condemned, may, for the purpose of testing his competency as an expert, be cross-examined as to the value of other real estate in the vicinity, without proof that the same was similar in character and value to the land in question, and may also be asked if he did not know that several lots — part of such real estate — had been sold at sums greatly differing from his estimate of their value.

APPEAL from the Circuit Court for *Milwaukee* County. In July, 1885, the appellant instituted the usual statutory proceedings to condemn to its use a large amount of property in the city of Milwaukee, including the east fifty feet of lot 15, block 86, in the Fourth ward, owned by the plaintiff, and situated on the northeast corner of Second and Fowler streets, having a frontage of fifty feet on Second street, and a depth of 150 feet on Fowler street. Commissioners were thereupon appointed by the court, who afterwards, on the 15th of August, 1885, filed their report,

whereby they awarded as damages for the value of the east fifty feet condemned to the use of the appellant, $3,700, and $1,300 as the diminution in value of the remainder of the lot by reason of the taking and the operation of a railway over the east fifty feet; in all $5,000. August 29, 1885, the plaintiff appealed from the award to the circuit court. October 12, 1885, the railway company paid to the clerk of the court the amount of the award, with a notification to him that defect of title to or incumbrance upon the land sought to be condemned was suggested in the petition, and requiring him to retain the money until the matter be determined by the court.

The cause was tried in February, 1886, and resulted in a special verdict finding the value of that part of the lot condemned to the use of the company to have been, on the 15th day of August, 1885, $3,750, and the depreciation in value of the remainder of the lot $2,000; also that the plaintiff was then and still is the owner of the lot in question. A motion by the defendant for a new trial was denied. The plaintiff moved for judgment, upon the special verdict, for the sum of $5,750, *with interest from August 15, 1885*, and costs, which motion was granted and judgment thereupon entered accordingly, from which the railway company appeals to this court.

On the hearing of the motion for judgment it was shown that the railway company had not taken actual possession of the land condemned.

*John W. Cary*, for the appellant, to the point that it was error to allow interest on the special verdict from the time of the award until the entry of judgment, cited Mills on Em. Dom. sec. 175; *Feiten v. Milwaukee*, 47 Wis. 494; 1 Suth. on Dam. 604; *Cook v. South Park Comm'rs*, 61 Ill. 124; *South Park Comm'rs v. Dunlevy*, 91 id. 49; *Chicago v. Barbian*, 80 id. 482. It was error, in any view of the case, to allow interest from August 15 to October 12, 1885,

for until payment of the money into court the right of the defendant was not complete and might at any time have been abandoned. *West v. M., L. S. & W. R. Co.* 56 Wis. 318. Admitting that the right to interest commenced to run on August 15, it ceased on October 12, as to the $5,000 then paid into court. *Phillips v. Pease,* 39 Cal. 582; *Chicago v. Wheeler,* 25 Ill. 478.

For the respondent there were briefs by *Jenkins, Winkler, Fish & Smith,* of counsel, and *Wilson Graham,* attorney, and oral argument by *Mr. Fish.* They argued, among other things, that in cases of the exercise of eminent domain interest is always allowed upon the damages from the date of the taking. *Warren v. St. P. & P. R. Co.* 21 Minn. 424; *Knauft v. St. P., S. & T. F. R. Co.* 22 id. 174; *D., L. & W. R. Co. v. Burson,* 61 Pa. St. 381; *Young v. Harrison,* 6 Ga. 130; *B. & P. R. Co. v. McComb,* 60 Me. 302; *Reed v. H. B. R. Co.* 105 Mass. 305; *Whitman v. B. & M. R. Co.* 7 Allen, 327; *Metler v. E. & A. R. Co.* 37 N. J. Law, 226; *M. R., F. S. & G. R. Co. v. Owen,* 8 Kan. 417; *V. & C. R. Co. v. V. C. R. Co.* 34 Vt. 65. The date of taking is the date of the award, which determines the right of the company. Pierce on Railroads (1st ed.), 220; *Philadelphia v. Dyer,* 41 Pa. St. 463; *O. C. R. Co. v. Miller,* 125 Mass. 1, 5; *W. & St. P. R. Co. v. Denman,* 10 Minn. 267; *St. P. & S. C. R. Co. v. Murphy,* 19 id. 500; *Hursh v. St. P. & P. R. Co.* 17 id. 439; *Warren v. St. P. & P. R. Co.* 18 id. 384; *Sherwood v. St. P. & C. R. Co.* 21 id. 122; *Whitacre v. St. P. & S. C. R. Co.* 24 id. 311; *Metler v. E. & A. R. Co.* 37 N. J. Law, 222; *Rhys v. D. V. R. Co.* L. R. 19 Eq. Cas. 93; *M. & M. R. Co. v. Eble,* 3 Pin. 334; *Robbins v. M. & H. R. Co.* 6 Wis. 636; *Kennedy v. M. & St. P. R. Co.* 22 id. 581; *Driver v. W. U. R. Co.* 32 id. 569; *Aspinwall v. C. & N. W. R. Co.* 41 id. 474; *Lyon v. G. B. & M. R. Co.* 42 id. 538, 543; *West v. M., L. S. & W. R. Co.* 56 id. 319; *Watson v. M. & M. R. Co.* 57 id. 349. The fact of temporary possession by the

owner by permission of the company after the award, will not prevent the recovery of interest from the date of the award. *Philadelphia v. Dyer*, 41 Pa. St. 463; *O. C. R. Co. v. Miller*, 125 Mass. 1. Nor does the deposit of the money in court prevent the recovery of interest from date of the award. *A. & G. W. R. Co. v. Koblentz*, 21 Ohio St. 334. Especially since the amount was deposited after appeal and does not equal the recovery.

LYON, J. 1. The question chiefly argued on this appeal is that of interest. The contention on behalf of the railway company is that, inasmuch as it had not taken actual possession of the condemned premises, it is inequitable to require it to pay interest on the sum paid into court for the use of the owner thereof, after the date of such payment. The argument is that the company is required by law to pay the money, and it should not be compelled to pay it and also to pay interest on it accruing thereafter.

The general rule in this state is that, pending an appeal from the award, the sum awarded draws interest from the filing of the award. *West v. M., L. S. & W. R. Co.* 56 Wis. 318. This rule rests upon the ground that upon such filing the money awarded becomes due and payable, although no execution can issue therefor until the company has been in default sixty days.

There may be equitable considerations, however, which will take a given case out of the rule. For example, if the sum awarded be paid or tendered to the owner of the land condemned instead of being paid into court (as it may be under sec. 1850, R. S., with like effect as if paid into court), no interest thereon should be allowed after such payment or tender. Again, if the owner shall receive the amount of an award which has been paid into court, interest thereon will cease from that time. It is said in some of the cases that if the owner have the profitable use of the premises, or has received rent pending the appeal, the interest should be

abated accordingly. This court, in the case last cited, intimated that if the value of such beneficial use, or such rents, equal the interest, no interest should be allowed.

This case is not within either of these exceptions to the general rule. The sum awarded has not been paid or tendered to the plaintiff. On the contrary, the railway company expressly instructed the clerk of the court to withhold it from him. He did not receive the money before judgment. Indeed, the statute provides no way by which he could obtain it. On the motion for judgment it was made to appear that the condemned land was rented property; that the plaintiff's tenant left it two weeks after the award was filed; that it has since been unoccupied; and that he has received no rent therefor accruing after such filing. As to the damage to the balance of the plaintiff's lot not taken, obviously these questions of rent and beneficial use have no application. The damage was done when the other portion of the lot was taken, and it was assessed with reference to the continued occupancy thereof by the owner.

It has been said that if the owner appeals, and is the sole occupant, interest should not be allowed. Why not? What justice or reason is there in imposing upon the owner the loss of interest because he avails himself of his statutory right to have the award of the commissioners reviewed by a court and jury? We cannot approve such a rule. Again, it has been laid down that until possession is taken by the railway company interest is not allowed. The reason given is that until then a *locus penitentiæ* remains to those moving the condemnation, and the money is not considered as detained. However this may be elsewhere, it will be difficult to find in our statute the *locus penitentiæ* after the award is filed, when the owner may have execution for the sum awarded if it remains unpaid for sixty days after such filing. Hence the reason of the rule last above stated fails in this state, and consequently the rule also fails.

It should be observed that the burden is upon the party

AUGUST TERM, 1886. 113

Uniacke vs. Chicago, Milwaukee & St. Paul R. Co.

seeking to condemn land to show the existence of conditions which will operate to take a given case out of the general rule in respect to interest. It is not sufficient to show merely that such party has not actually taken possession of the land. The fact that it has been condemned and is liable at any time to be so possessed, will necessarily, in most cases, seriously interfere with its beneficial use by the former owner,— often entirely destroy it.

The case of *Feiten v. Milwaukee*, 47 Wis. 494, is relied upon by counsel for the railway company as an authority against the allowance of interest in this case. There the city commenced two proceedings to condemn land for the purposes of a street, but before any appraisal of damages and benefits was made it abandoned both of them. The right of the city to do so was not denied. The action was brought by the owner of the land to recover damages for certain alleged acts and omissions of the city pending the proceedings, affecting the property, and for the alleged depreciation in the rental value of the property caused by the pendency of the proceedings. The nature of the case and the grounds upon which the judgment was rested are thus stated in the opinion: "It is only the ordinary case of incipient proceedings to condemn property to the public use, abandoned before consummation; and in all such cases, if the city does not exceed its lawful authority, to the injury of the owner, pending the proceedings, it cannot be held liable for damages which the owner may incidentally sustain by reason of the proceedings. Such is the tenure by which all property subject to be taken for public use is held." Because the complaint failed to show that the city had exceeded its lawful authority to the injury of the owner, a demurrer thereto was sustained. We have here a different case, calling for the application of different rules of law. We conclude that interest was properly allowed from the date of filing the award.

2. A witness called by the defendant and examined as an expert, gave an opinion, on his direct examination, of the value of the land condemned. On cross-examination the court permitted him to be interrogated, and he gave his opinion, as to the value of other real estate in the same vicinity, without any showing that the same was similar in character and value to the condemned property. The tendency of the testimony thus elicited was to test the competency of the witness as an expert, and thus to enable the jury to determine intelligently the weight that should be given to his opinion of the value of the premises in question. Had the witness disclosed, on such cross-examination, that he was ignorant of the value of any other real estate in that vicinity, that would have destroyed, or at least greatly impaired, the force of his opinion of the value of the land condemned. In this view, we think the interrogatories objected to were within the range of legitimate cross-examination.

We must not be understood as holding that such testimony is admissible on the direct examination of an expert witness in such a case, without proof that the other real estate concerning which he is interrogated is similar in character, location, and value to the land in question in the action. Probably it is not. *Washburn v. M. & L. W. R. Co.* 59 Wis. 364.

The same witness was asked, on cross-examination concerning each of several lots (the value of which he had estimated, as before stated), whether he did not know, and whether it was not a fact, that at about the time of the condemnation proceedings each such lot was sold at a sum named in the interrogatory, which sum was greatly in excess of the estimated value testified to by the witness. We think this was proper cross-examination. But if it was not, inasmuch as the witness denied knowledge of any such sales, no harm resulted to the defendant.

This disposes of all the grounds alleged for a reversal of the judgment, adversely to the defendant.

*By the Court.*— The judgment is affirmed.