Morris, Appellant, vs. The Wisconsin Midland Railroad Company, Respondent.

*May 26 — June 15, 1892.*

*Railroads: Condemnation of land: What constitutes a taking.*

1. The institution by a railroad company of condemnation proceedings is not a taking of the land, where the company afterwards discontinues the proceeding.

2. After the discontinuance of condemnation proceedings, a railroad track was laid so that the eaves of a passing car would extend a few inches over the land in question, but as soon as this was discovered the track was removed. *Held,* that this, being an unintentional encroachment, was a mere trespass and not a taking of the land.

3. Although the sides or eaves of a passing car extend a few inches over an alley on one side, and a few inches of filling may there be necessary, these facts do not entitle the owner of a lot on the opposite side of the alley to damages under ch. 255, Laws of 1889.

APPEAL from the Circuit Court for *Fond du Lac* County. The appellant, on the 22d day of December, 1890, instituted condemnation proceedings, claiming that defendant

had taken a part of his land for its road-bed. Appellant owned lot 22, in block 25, city of Fond du Lac, fronting to the north on Arndt street, and bounded on the south by a twelve-foot alley. Lot 21 adjoins it on the west. A barn stood near the back end of petitioner's lot not more than six inches from the west line of said lot. In August, 1890, the respondent filed its petition for the condemnation of a large amount of lands in Fond du Lac, and including a strip thirty feet in width of plaintiff's said lot 22. Before any commissioners were appointed an amended petition was filed which entirely omitted lot 22, and an order was made in October, 1890, dismissing the proceedings as to said lot 22. The reason of this appears to be that the defendant company had purchased lot 21, and in the map attached to the second petition its center line is represented as running over lot 21, and not touching lot 22 at any point.

In December, 1890, the respondent constructed its track across lot 21, the east rail thereof being two to three feet west of the southwest corner of appellant's barn, and the ends of the ties being about fifteen inches west of said barn. As this track crossed the alley it curved to the east about two feet, so that the ends of the ties and perhaps a small part of the east rail were upon that part of the alley opposite petitioner's lot 22. While in this position the side of a passing car struck the barn. Petitioner thereupon instituted the present proceedings for the appointment of commissioners. A few days after the filing of this last petition the defendant moved its track about three feet to the west, so that no part of the track or ties encroaches on petitioner's lot, nor is any part of the alley opposite petitioner's lot occupied by the track or ties. The track is elevated about a foot from the surface of the ground, and in properly grading the crossing in the alley a few inches of filling will be necessary in the alley upon that part of the south side thereof opposite the southwest cor-

ner of petitioner's lot. At this same point the overhang of an ordinary passenger car will encroach a few inches upon the alley immediately opposite said lot.

The circuit court decided that there had been no taking of petitioner's land, and dismissed the proceedings, and petitioner appeals.

For the appellant there was a brief by *Owen A. Wells*, attorney, and *D. Babcock*, of counsel, and oral argument by *Mr. Wells*. They contended, *inter alia*, that a railroad company cannot take the initiative and then abandon its proceedings. It cannot build its road-bed so close as to do the owner actual damage, and then, after special proceedings are commenced by him, move its track to escape liability. The company made the oath required by sec. 1846, R. S., setting forth its intention in good faith to use the lot of the petitioner fifteen feet wide on either side of its center line, and that it had actually staked out its center line. That this was a taking of the property see 6 Am. & Eng. Ency. of Law, 542–544, and cases cited. Under ch. 255, Laws of 1889, any act of a railroad company in the use of a street as a site for its track, under either legislative or municipal authority, when it interferes with the rights of adjoining lot owners, subjects the company to an action on account of the diminution of the value of the property. *Hot Springs R. R. v. Williamson*, 136 U. S. 121; *Penn. R. Co. v. Miller*, 132 id. 75; *New York El. R. Co. v. Fifth Ave. Nat. Bank*, 135 id. 432. A railroad means one wide enough on either side to repair it without trespassing. It means suitable approaches and such construction as will restore the streets which it crosses to their former usefulness. The road-bed is not to be confined to the land beneath the ties, but includes all that is essential in the construction and maintenance of the road. *Buchner v. C., M. & N. W. R. Co.* 60 Wis. 276, 277; *Hegar v. C. & N. W. R. Co.* 26 id. 624–628.

For the respondent there was a brief by *John T. Fish*, attorney, and *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine*. They argued, among other things, that condemnation proceedings may be abandoned at any time before the rights of the parties become vested. Lewis, Em. Dom. secs. 655, 656; *Driver v. W. U. R. Co.* 32 Wis. 569, 570, 581–583; *Schreiber v. C. & E. R. Co.* 115 Ill. 340; *Chicago, St. L. & W. R. Co. v. Gates,* 120 id. 86; *State v. C. & I. R. Co.* 17 Ohio St. 103; *Dayton & W. R. Co. v. Marshall,* 11 id. 497; *Denver & N. O. R. Co. v. Lamborn,* 8 Col. 380, 23 Am. & Eng. R. Cas. 115; *Burlington & M. R. Co. v. Sater,* 1 Iowa, 421; *Gear v. D. & S. C. R. Co.* 20 id. 523; *Baltimore & S. R. Co. v. Nesbit,* 10 How. 395; *Blackshire v. A., T. & S. F. R. Co.* 13 Kan. 514; *Matter of Rhinebeck & C. R. Co.* 67 N. Y. 242; *Stacey v. V. C. R. Co.* 27 Vt. 39; *Leisse v. St. L. & I. M. R. Co.* 2 Mo. App. 105; *Northern Mo. R. Co. v. Lackland,* 25 Mo. 515; *Norris v. Mayor,* 44 Md. 598; *Black v. Mayor,* 50 id. 235. Under our statutes the rights of the parties do not become vested until payment or tender of the compensation. R. S. secs. 1850, 1851; *Mil. & Miss. R. Co. v. Eble,* 3 Pin. 334; *Powers v. Bears,* 12 Wis. 214; *Bohlman v. G. B. & L. P. R. Co.* 30 id. 105.

WINSLOW, J. The proceedings were properly dismissed. The institution of condemnation proceedings by the company in August did not constitute a taking, because the company had discontinued them so far as lot 22 is concerned. This they had a right to do. Lewis, Em. Dom. secs. 655, 656; *Driver v. W. U. R. Co.* 32 Wis. 569–583. The fact that when the track was first laid the eaves of a passing car would extend a few inches over the petitioner's west line does not constitute a taking in view of the facts in evidence. It is clear that the respondent did not intend to encroach on petitioner's land, and when it found that it

had, it speedily removed its track.  Under these circumstances, we think, there was simply a trespass.  Respondent had the right to cease trespassing.

It does not appear that it will now be necessary for the company to encroach on petitioner's land for the purpose of excavation or embankment or passageway for its cars.

The claim that appellant is entitled to damages under ch. 255, Laws of 1889,[1] cannot be maintained.  The utmost that can be claimed as to the alley is that the sides or eaves of a passing car may extend a few inches over the south half of the alley opposite appellant's lot, east of a continuation of his west line, and that a few inches of filling may there be necessary for the convenience of travel.  We shall spend no time discussing this question.  It cannot be seriously claimed that either of these facts would constitute obstruction or use of the alley which would appreciably damage appellant's property.

*By the Court.*— Order affirmed.

---

[1] Ch. 255, Laws of 1889, provides that "The owners of any real estate abutting on any highway, street, or alley . . . shall have a common right in the free and unobstructed use of such highway, street, or alley to the extent of its full width, and no town, city, county, company, or corporation shall close up, use, or obstruct any such highway, street, or alley or any part thereof so as to materially interfere with its usefulness as a highway, or so as to injure or damage property abutting thereon on either side, or authorize or permit the same to be done, without due compensation being made for any damage resulting therefrom to the owners of any property upon both sides of the part of such highway, street, or alley so closed up, used, or obstructed," etc.— REP.