The Manitowoc & Lake Winnebago R. Co. vs. Stolze and another.

THE MILWAUKEE & LAKE WINNEBAGO RAILROAD COMPANY, Respondent, vs. STOLZE and another, Appellants.

*October 12 — November 1, 1898.*

*Railroads: Condemnation proceedings: Right to discontinue.*

The right of the party instituting proceedings for the condemnation of land to dismiss the same before the final award is not absolute, but the circuit court may in its discretion grant such dismissal upon such conditions as to prevent injustice. The provision of sec. 1848, R. S. 1878, that the commissioners shall proceed to perform their duties upon written demand of either party, and shall file their report within a certain time, is not to be so construed as to prevent such dismissal.

APPEAL from an order of the circuit court for Manitowoc county: N. S. GILSON, Circuit Judge. *Affirmed.*

Condemnation proceedings. In October, 1896, the respondent commenced condemnation proceedings for the purpose of taking a number of acres of land owned by the appellants for switching and storage yards. In November, 1896, the petition was heard, condemnation was ordered, and commissioners appointed. Nothing was done by the commissioners until December, 1897, when the appellants demanded that the commissioners perform their duties, and in pursuance of such demand the commissioner commenced taking testimony January 7, 1898, and took testimony for several days. February 2, 1898, the railroad company served notice on the commissioners and the landowners discontinuing the proceedings. Nevertheless, the appellants demanded that the commissioners go on with the proceedings, and on the 8th of February the commissioners took further testimony. On the 10th of February the respondent obtained an order to show cause, returnable on the following day, why the proceedings should not be dismissed, which order contained a clause staying all proceedings until the hearing

of the motion. This order was served on the 10th, but, notwithstanding the stay, the commissioners, later on the same day, filed their report and award. The motion to dismiss was opposed by the appellants by an affidavit showing, among other things, that they had been put to expense in defending the proceedings, but not showing the amount of such expense. The court took the motion under advisement until June 2, 1898, when an order was made dismissing the proceedings, and requiring the railroad company to pay the commissioners' fees up to the time of the notice of discontinuance. From this order the defendants appeal.

For the appellants there was a brief signed by *Timlin & Glicksman,* and oral argument by *W. H. Timlin.*

*Thos. H. Gill,* for the respondent.

WINSLOW, J. The question in this case is whether condemnation proceedings instituted by a railway corporation can be discontinued prior to the filing of the award and against the objection of the landowner. It was said in *Morris v. W. M. R. Co.* 82 Wis. 541, that the railway company had a right to discontinue condemnation proceedings, and *Driver v. W. U. R. Co.* 32 Wis. 569, and Lewis, Em. Dom. §§ 655, 656, were cited as sustaining the proposition. In that case the discontinuance was prior to the appointment of commissioners, and so, perhaps, it is not direct authority in the present case, where the attempted discontinuance was just prior to the filing of the award of the commissioners. It is generally held, however, that this fact makes no difference, and that, in the absence of express statutory provisions, the party instituting condemnation proceedings may, with the consent of the court, dismiss or discontinue the proceedings at any time prior to the filing of the award, or the confirmation of the award where confirmation is necessary. Lewis, Em. Dom. § 655; 3 Elliott, R. R. § 1033. The contention, however, is made that, because it is provided in R. S.

1878, sec. 1848, that the commissioners *shall* proceed to perform their duties upon written demand of either party, and *shall* file their report within a certain time, therefore there is no power on the part of the railway company to stop the proceedings, but that they must proceed to a finish under the mandatory terms of the statute. This view, if logically carried out, would seem to deprive even the court of any power to arrest the proceedings of the commissioners upon any showing. Such a construction of the statute would be unreasonable. The statute was carefully framed so as to provide that the proceedings should not be delayed, but should be brought to a speedy conclusion, in the interest of both parties, for very obvious reasons; but that these safeguards against delay should be construed as taking the proceedings absolutely out of control of the court we cannot admit. The ordinary principle is that the moving party in actions or proceedings may, with the consent of the court, dismiss or discontinue the same at any time before the result sought for in the proceedings has been reached and the rights of the parties fixed, and no reason is perceived why this principle should not apply here. Certainly, if the proceedings cannot be stopped prior to the award, it would seem that they can never be stopped at all, because the statutory provisions as to the effect of the award upon the rights of the parties (R. S. 1878, sec. 1850) seem to preclude the idea of there being any stopping place after the filing of the award. As said in *Uniacke v. C., M. & St. P. R. Co.* 67 Wis. 108: "It will be difficult to find in our statute a *locus pœnitentiæ* after the award is filed, when the owner may have execution for the sum awarded if it remains unpaid for sixty days after such filing." See, also, *West v. M., L. S. & W. R. Co.* 56 Wis. 318. The true principle would seem to be that the question whether the railway company should be allowed to discontinue its proceedings prior to the award is an administrative question, which must be settled by the

circuit court, in the exercise of a sound discretion. The right to dismiss is not absolute in the moving party, but a dismissal may be granted by the court, in its discretion, under such conditions as may be necessary to prevent injustice. *In re Waverly Water-works Co.* 85 N. Y. 478. We cannot say there has been any abuse of discretion in the order of dismissal in the present case.

*By the Court.*— Order affirmed.