SPRAGUE and others, Appellants, vs. NORTHERN PACIFIC
RAILWAY COMPANY, Respondent.

*September 9—September 27, 1904.*

*Railroads: Condemnation proceedings: Right to dismiss:* Obiter dicta.

1. Proceedings instituted by a railway company for the condemna-
   tion of land cannot be dismissed by it, against the protest of
   the landowner, after the commissioners have filed their award
   as prescribed by sec. 1848, Stats. 1898.
2. Although in *Milwaukee & L. W. R. Co. v. Stolze*, 101 Wis. 91,
   the specific question to be determined was as to the right to
   dismiss before the award, yet as that involved a consideration
   of the point in the proceedings at which the rights of the par-
   ties become fixed, expressions indicating that there could be no
   right to dismiss after the award are *held* not to _ave been
   mere *dicta*.

APPEAL from an order of the circuit court for Bayfield
county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Proceedings to condemn land for the use of the petitioner,
the *Northern Pacific Railway Company.* The railway com-
pany commenced these proceedings by petition to the judge
of the circuit court for Bayfield county for the condemnation
of a strip of land, described in the petition, owned by the ap-
pellants, and lying in the village of Washburn, Bayfield
county. The petition was filed in the office of the clerk of the
circuit court, where the land is situated, on the 11th day of
August, 1903. On October 22d following the court appointed
commissioners to ascertain and appraise the compensation to
be awarded to the owners. The commissioners duly qualified
and took the steps required of them under the law for making
the award. On November 21, 1903, the commissioners at
their final meeting determined the value of the land to be
taken and the damages to the adjoining land at the sum of
$4,700, and filed their report on this day with the clerk of
the circuit court for Bayfield county. On December 21st fol-
lowing the circuit court, upon application of the railway com-

pany, without notice to appellants, made an order dismissing the proceedings instituted for the condemnation of the land, and found and imposed as terms of such dismissal that it pay the amounts due the commissioners for their services and disbursements, all costs, disbursements, and damages incurred by the owners of the land sought to be taken, and all costs and fees due the clerk of the court. This is an appeal by the land-owners from the order of dismissal.

*John Walsh,* for the appellants.

For the respondent there was a brief by *Louis Hanitch* and *A. W. McLeod,* attorneys, and *C. W. Bunn* and *James B. Kerr,* of counsel, and oral argument by *Mr. Hanitch.* As to the right to dismiss the proceedings after the award, they cited Lewis, Eminent Domain, §§ 655, 656; *Chicago v. Barbian,* 80 Ill. 482; *Schreiber v. C. & E. R. Co.* 115 Ill. 340, 3 N. E. 427; *Denver & N. O. R. Co. v. Lamborn,* 8 Colo. 380, 8 Pac. 582; *Baltimore & S. R. Co. v. Nesbit,* 10 How. 395; *U. S. v. O. R. & N. Co.* 16 Fed. 524; *In re Washington Park Comm'rs,* 56 N. Y. 154; *In re Rhinebeck & C. R. Co.* 67 N. Y. 243; *Witt v. St. P. & N. P. R. Co.* 35 Minn. 404, 29 N. W. 161; *People ex rel. Gas-light Co. v. Common Council,* 78 N. Y. 56.

SIEBECKER, J. The application of the respondent railway company for the dismissal of this condemnation proceeding represents that it has never taken possession of any part of the strip of land sought to be condemned, and that the value of the land and the amount of damages to adjoining land resulting from the condemnation exceed in amount any benefit to the public or petitioners for the use of the land as a right of way for a branch or spur track for railroad purposes, and that it deems it unwise and inexpedient to take the strip of land for these uses, and therefore asks that the proceeding be dismissed upon such terms as the court may find just to all parties interested in the proceeding.

The question is: Can a railroad corporation dismiss such a proceeding, instituted by it, against the protest of the land-owners, after the commissioners have filed their award with the clerk of the circuit court as prescribed by sec. 1848, Stats. 1898 ? The nature of the proceeding is recognized in the statutes on the subject by providing that "the filing of such petition [for condemnation] shall be the commencement of a suit in said court." Sec. 1846, Stats. 1898. The courts have held that these proceedings are governed by the law of procedure in actions. The rights of parties to such a proceeding become established in the law as in the ordinary form of suits between contending parties. Upon an appeal to this court from an order dismissing such proceeding prior to the filing of the commissioners' award, it was stated that:

"The ordinary principle is that the moving party in actions or proceedings may, with the consent of the court, dismiss or discontinue the same before the result sought for in the proceedings has been reached and the rights of the parties fixed, and no reason is perceived why this principle should not apply here." *Milwaukee & L. W. R. Co. v. Stolze,* 101 Wis. 91, 76 N. W. 1113.

In further consideration of such a right the court continued:

"Certainly, if the proceedings cannot be stopped prior to the award, it would seem that they can never be stopped at all, because the statutory provisions as to the effect of the award upon the rights of the parties (R. S. 1878, sec. 1850) seem to preclude the idea of there being any stopping place after the filing of the award."

It is argued that the interpretation of the statute bearing upon the rights of the parties after the filing of the award was not included in the case then under consideration, nor in the cases therein referred to, and these expressions should, therefore, be treated as mere *dicta* in construing the statute. We cannot accede to this suggestion. The court was naturally led to consider whether the proceedings had reached the

point where the rights of the parties had become fixed, and that is the question in the instant case. An examination of the authorities cited in the opinion, presented in support of the conclusions therein announced, supports the inference that the question now presented was deemed a pertinent consideration in deciding that case. While an interpretation on that question was not expressly required by the decision, it showed the views entertained by the court at that time, and is of persuasive force in construing the statute, and it should be followed unless it is found to be erroneous. *Buchner v. C., M. & N. W. R. Co.* 60 Wis. 264, 19 N. W. 56; *Brown v. C. & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771.

All further consideration of the subject confirms us in the correctness of the conclusions therein expressed. The terms of the statutes clearly indicate that the filing of the report of the commissioners with the clerk of the circuit court of the county where the land is situated to be recorded by him in the judgment book of such court is, in effect, a judgment in the proceeding, fixing the rights of the parties arising from the taking of the land under the right of eminent domain. After this step the land is treated by the statute in express terms as condemned, and the railroad corporation is entitled to "enter upon, take, and use the land for the purposes for which it was condemned," upon condition of paying the amount to the owners, or to the clerk of the court for the owners' use; and it may have a writ of assistance to secure possession in case the owners refuse voluntarily to yield possession. It is also provided, in case of no appeal, and in case of a neglect by the railroad corporation to pay the award, that the parties interested in the award may, upon motion, have execution for the amount due on the award. The provision that such execution shall not issue until the expiration of sixty days from the filing, and then only upon motion, in no way affects the rights fixed by the filing of the award.

It is the policy of the state, as evidenced by the statute, to

give railroad corporations extensive powers for acquiring real estate for corporate uses, but such powers should be exercised in good faith on occasions when the interests of the public and of the corporations are to be promoted by it. It is upon these considerations that the right is granted to these corporations of taking all necessary real estate at its fair market value, regardless of the wishes of the owner, who must yield to the necessities of the public undertaking. If the right is asserted and established by the condemnation and prosecuted to the point of ascertaining the amount of the award, and the railroad company is permitted to elect to abandon the proceeding or not, after such award, upon the ground that it cannot secure the property at its own price, it might readily transpire that the owners would be subjected to many hardships and their rights might be seriously interfered with. We must hold that the proceeding cannot be dismissed after the commissioners' report has been filed with the clerk of the circuit court. *Milwaukee & L. W. R. Co. v. Stolze,* 101 Wis. 91, 76 N. W. 1113; *Uniacke v. C., M. & St. P. R. Co.* 67 Wis. 108, 29 N. W. 899; *West v. M., L. S. & W. R. Co.* 56 Wis. 318, 14 N. W. 292; *Morris v. W. M. R. Co.* 82 Wis. 541, 52 N. W. 758; *People ex rel. Yoder v. Comm'rs,* 188 Ill. 150, 58 N. E. 989; *Drath v. B. & M. R. R. Co.* 15 Neb. 367, 18 N. W. 717; *Brown v. C., R. I. & P. R. Co.* 64 Neb. 62, 89 N. W. 405.

We think that the commissioners fully complied with the statute, and that their report must be presumed to cover all the lands described in the petition and sought to be taken, with the improvements thereon.

*By the Court.*—The order of the circuit court dismissing the proceeding is reversed, with directions to deny the application.