[S. F. No. 2725.   Department One. — August 12, 1901.]

## JOHN REYNOLDS, Appellant, v. SOROSIS FRUIT COMPANY, Respondent.

Attorney and Client — Contract for Fees — Assumpsit — Reasonable Value not Considered. — An attorney who has a written contract with his client, which covers all the services rendered by him, and states the compensation to be paid therefor, cannot maintain an action of *assumpsit* for an increased compensation for the alleged reasonable value of the services. The fact that the attorney made a bad bargain, and that the services performed were reasonably worth more than the price agreed, cannot relieve him from his contract.

Id. — Judgment against Attorney — Findings — Presumption upon Appeal — Affirmance. — Upon appeal from a judgment rendered against the attorney, where it appears that the contract found included the services sued upon, it must be presumed that all the facts in the case were found, that they are true, and that no other facts exist than those found; and where the judgment is supported by the facts found and the conclusions of law, it must be affirmed.

Id. — Litigation — Extra Charge — Absence of Notice — Contract not Modified. — There can be no extra charge by the attorney for services rendered in litigation, the services for which were fairly included in the written contract, where no notice was given prior to the termination of the litigation of any extra charge therefor, and where the contract was not modified by consent of the parties in relation thereto.

Id. — Duty of Attorney to Client — Construction of Written Contract — Understanding of Client. — Where a written contract between an attorney and client is ambiguous, it is the duty of the attorney to his client to see that the client understands it in the same sense as the attorney, and to have the contract for any further services clearly and definitely stated, and understood by the client in its spirit and practical results, as well as in its language.

APPEAL from a judgment of the Superior Court of Santa Clara County.   A. L. Rhodes, Judge.

The facts are stated in the opinion.

C. D. Wright, for Appellant.

Walter Perry Johnson, and E. E. Cothran, for Respondent.

COOPER, C.—Appeal from judgment, on judgment roll. The sole question is as to whether or not. the judgment is the legal conclusion from the facts found.

The complaint alleges that defendant is indebted to plaintiff in the sum of five thousand dollars for legal services performed for defendant at its request, and that such services were reasonably worth said amount. The court found that in the month of August, 1898, and continuously until the twenty-ninth day of January, 1899, defendant and one Howard had certain business dealings and agreements in regard to the sale and purchase of certain dried prunes; that, before said dealings had been completed, said Howard became insolvent, and was adjudged a bankrupt; that one Bills was appointed trustee of said Howard in bankruptcy, and at the time of said adjudication of bankruptcy, defendant had in its warehouse a large quantity of said dried prunes, which had been purchased by defendant from the growers thereof, but which were subject to the right of Howard to acquire possession thereof upon the performance of certain conditions or contracts existing between said Howard and defendant; that defendant, finding that certain complications had arisen in regard to its right to the prunes in its warehouse and its business relations with Howard, consulted with plaintiff and one Conkey with reference to said business and its rights and obligations; that plaintiff thereupon examined the contracts submitted to him, and gave to defendant his opinion as to the rights, obligations, and liabilities of defendant under said contracts; that thereupon the plaintiff entered into a written contract with defendant and Conkey, of which the following is a copy:—

"SAN JOSÉ, CAL., Feb. 3, 1899.

"The manager of the Sorosis Fruit Company having consulted with J. F. Conkey, an attorney at law, of San José, California, in regard to their relations with Howard & Co., and it being deemed advisable that John Reynolds should be consulted in regard to the matter, and said Reynolds having agreed to advise the manager until all matters pertaining to the relations with Howard & Co. are adjusted, the Sorosis Fruit Company agrees to pay said J. F. Conkey and John Reynolds for all services in the county of Santa Clara, and four trips to San Francisco by said John Reynolds if necessary, the sum of four hundred dollars,—one hundred dollars this day, one hun-

dred and fifty dollars within ten days, and one hundred and fifty dollars when the business is successfully concluded; and if said Reynolds is required to go to San Francisco more than four times, such additional compensation as may be deemed just and shall be named by Messrs. Chickering, Thomas & Gregory. It is agreed between said company and said J. F. Conkey and said John Reynolds that they will severally render the services above indicated on the terms above stated. It is understood, however, that when either is required to go out of the county of Santa Clara in attending to said business, the necessary expenses shall be paid by the Sorosis company.

"(Signed) ·                     SOROSIS FRUIT COMPANY.
                                "F. W. CRANDALL, Supt.
                                "JOHN REYNOLDS.
                                "J. F. CONKEY."

That defendant paid plaintiff the sum of $250 on account of services performed, and no more, but at the time of the commencement of this action the matters as to the said prunes had not been fully adjusted; that plaintiff was required to go to San Francisco four times in connection with said business; that plaintiff commenced certain suits for defendant against the said Bills, as trustee, in connection with said matters, in the United States circuit court and in the United States district court, and performed services in said suits in the city and county of San Francisco, which services were reasonably worth the sum of $1,750; that said Bills, as trustee, commenced a suit against defendant in the superior court of the county of Santa Clara to recover the value of said prunes, and plaintiff appeared for and represented the defendant in said action, and tried the case as defendant's attorney, and that the services of plaintiff in said last-named case were reasonably worth the sum of $2,250; that during all said time the plaintiff was an attorney at law, and managed and conducted said actions in the United States courts and in the state court with the knowledge of defendant, "but that this defendant did not specially request this plaintiff to institute or conduct either of the first two mentioned actions, nor expressly undertake or promise to pay to this plaintiff, for said work, labor, or services, any sum other than is mentioned in said written agreement; that the defendant fully paid all the expenses referred to in the written agreement."

The court found as a conclusion of law, " that said written

contract covers all the services mentioned in the complaint, and states the compensation to be paid therefor, and that all the work, labor, and services done, performed, or rendered by this plaintiff in the three actions above mentioned were done, performed, and rendered under and in pursuance of the terms of said written agreement bearing date February 3, 1899, and that the defendant is entitled to judgment that the plaintiff take nothing by this action, and that it recover its costs of suit."

We think the conclusion of the court was correct from the facts found. The presumptions here are, that all the facts were found, that they are true, and that no other or different facts exist. The fact that the services performed by plaintiff were reasonably worth more than the price for which he agreed to perform them cannot be considered. If the services had proven to be much less than the parties had in mind, and had only been worth ten dollars, the defendant would have been bound by its contract, and would have been liable for the four hundred dollars. The fact that plaintiff made a bad bargain, and was compelled to do more than four hundred dollars' worth of labor, cannot relieve him of his contract. He is in precisely the same position that any other party would be, who, having made a contract for a certain sum to do a certain thing, finds by experience that the sum is not adequate compensation. The law will enforce contracts, but cannot undertake to make them. The sole question, then, is as to whether or not the services performed were fairly included within the terms of the contract, and we think they were. The plaintiff and Conkey were to be paid "*for all services in the county of Santa Clara, and four trips to San Francisco.*" They were attorneys at law, and their contemplated services were legal services. The services were all performed in Santa Clara County and in San Francisco, and plaintiff was only required to go to San Francisco four times. It is not probable, nor can we presume, that the trips to San Francisco were to be for the purpose of giving legal advice. Howard had suspended business on January 29, 1899. Defendant had learned of his insolvency and pending bankruptcy. It had consulted with plaintiff with reference to the business and its rights under its contracts. Plaintiff had given an opinion, and on February 3, 1899, signed the contract in writing for services in Santa Clara County and in San Francisco in connection therewith. He was to be paid four hundred dollars "*when the business is successfully concluded.*"

The "business" did not refer solely to advice; if so, the money would have become due when the advice was successfully concluded. Plaintiff and Conkey agreed to "render the services above indicated." The word "services" refers to all legal services in connection with the matters concerning which they were consulted, until the business should be successfully concluded. It is not reasonable to suppose that defendant took the precaution to make a contract in writing with plaintiff as to advice and consultation fees, and did not intend to make any contract about attorney's fees in contemplated suits. Neither is it reasonable to suppose that defendant employed plaintiff as its attorney to act for it in and about contemplated litigation, and agreed to pay plaintiff a fee of four hundred dollars for advice, in addition to fees for such litigation as might arise. Plaintiff said nothing to defendant about any extra charge, or any charge outside the contract, until the suits had been terminated. If he contemplated such charges, it would have been only fair to have so notified defendant. What is said by this court in the late case of *Lavenson* v. *Wise,* 131 Cal. 369, is applicable here. Rothchild, as attorney, received from Wise a note for collection, for a contingent fee of five hundred dollars, to be paid only when the note was collected. It appeared that certain defenses existed, and were set up against the note, which Wise had not disclosed to Rothchild. Rothchild made no other or different contract, but performed services in the litigation which were reasonably worth the sum of one thousand dollars. Wise was finally defeated in the action upon the note. It was held here that the plaintiff could not recover, and in the opinion it is said: "Upon the face of the agreement the fee was contingent. That agreement was not changed by Mr. Rothchild, nor attempted to be changed, until after the trial, and judgment had gone against his client. Mr. Rothchild did nothing and said nothing which would lead Mr. Wise to suppose that any change was to be made in the contract of employment. . . . It was Mr. Rothchild's duty to inform him that the answer so changed the matter from its original aspect that a new agreement would have to be made as to his compensation. Saying nothing and doing nothing to indicate an unwillingness to continue as he had begun, Mr. Rothchild must be held to have continued under the only agreement then existing between the parties. . . . He could not proceed with the case as though the contract was still in force,

with a mental reservation that he would repudiate it or rescind it after the trial should his client be cast in the suit. To justify such a course would be to allow fraud to be met by fraud, and this the law will not allow."

The supreme court of Tennessee, in an exhaustive opinion, reviews the whole subject in *Planters Bank* v. *Hornberger,* 4 Cold. 531, and in the opinion says: "If a written contract was susceptible of two constructions, fairly and reasonably, and the one mind assented to it upon the one construction, and the other upon the other construction, this would be no contract at all between the parties; and where it is a contract between attorney and client, it would be the duty of the attorney to inform the client of the fact of its susceptibility of two constructions, and having pointed out this liability of the contract, proceed to know, definitely and clearly, his client's views, before proceeding further. An attorney dealing with his client for further professional services, where the contract is reduced to writing, is bound to show, when he seeks to enforce it, that the latter fully understood it in the same sense, otherwise it cannot be enforced. . . . We therefore declare that in all cases where the relation of attorney and client exists, and it is desired to make further professional engagements, that it is the duty of the attorney to have the contract (if there be one) clearly and definitely stated and understood, not only in its language, but also in its spirit, legal consequences, and practical results."

The result here may be unfortunate for plaintiff, but we cannot for this reason relieve him. It is his business, in the course of his professional life, to often assist in compelling other parties to abide by their contracts. He must abide by his. It is the experience of every lawyer that he often performs services of greater value than the compensation received therefor. Upon the other hand, he often gets more, under a contract, than the actual services prove to be worth. As a general proposition, when the cases are averaged, he manages to get a fair compensation for his time.

The judgment should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.