480 SUPREME COURT OF WISCONSIN. [Jan.

Brown v. County State Road & Bridge Committee, 182 Wis. 480.

BROWN and others, Appellants, vs. COUNTY STATE ROAD AND BRIDGE COMMITTEE, Respondent.

*December 14, 1923—January 15, 1924.*

*Eminent domain: Abandonment of proceedings by condemnor after verdict: Validity: Constitutional law: Terms of abandonment: Discretion of court: Payment of attorney fees: Amount: Presumption: Apportionment where both parties appeal.*

1. Sec. 32.19, Stats. 1921, providing for the abandonment of condemnation proceedings, is not violative of amendm. VII, Const. U. S., guaranteeing the jury trial provided by common law, the constitutional provision being applicable only to actions at common law in the courts of the United States and not under the laws of the states. p. 482.

2. Nor is sec. 32.19 violative of amendm. XIV, Const. U. S., as depriving landowners of their property without due process of law and in denying them its protection, the landowners not being deprived of their property in any way. The statute contemplates that they should not be legally injured in their property rights, but that they should be reimbursed for the necessary defense of the condemnation proceedings as a condition of abandonment. p. 482.

3. Said sec. 32.19, though giving the court a large discretion in determining the compensation due a landowner on dismissal of condemnation proceedings by the one seeking to condemn the property, requires the court to exercise a judicial discretion, the statute intending that the landowner be fairly dealt with and be made whole as a condition of dismissal. p. 482.

4. In the absence of any testimony to the contrary, this court will assume that the attorneys in the case were competent and that their services in the condemnation proceedings were worth the amount claimed. p. 483.

5. The circuit court was not justified in apportioning attorneys' fees of the landowners upon dismissal of condemnation proceedings by the county, though both parties appealed from the award to the circuit court, where the landowners' appeal was a justified precaution necessary to protect them in any verdict that might be had in the circuit court. p. 483.

APPEAL from an order and a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Reversed, with directions.*

Condemnation.   Action was brought in the county court
of St. Croix county to condemn lands containing gravel pits
for highway purposes, pursuant to sec. 1317m—6, Stats.
1921.   Trial was had before the county judge, where the
landowners were awarded $1,560.   From this award the
defendant, the respondent here, appealed to the circuit court,
and a couple of days later the plaintiffs, appellants here, ap-
pealed from said award to the circuit court.   Trial was had
in the circuit court before a jury, where the jury rendered a
verdict in favor of the landowners for $1,750 damages.
Thereafter the defendant filed a notice of dismissal of said
action on the ground that the defendant deemed it inad-
visable to take said property at the price fixed by the jury
in the verdict, and the action was dismissed accordingly.   On
such motion to dismiss, the court took evidence as to the
landowners' liability for expense and disbursements in the
action, and in its order dismissing the proceedings provided
that the defendant should pay the landowners $159.18 costs
and $100 attorneys' fees.   From such order the plaintiffs
appealed.

For the appellants there was a brief by *White & White* of
River Falls, and oral argument by *Ferris M. White.*

*W. T. Doar* of New Richmond, for the respondent.

CROWNHART, J.   It is contended on the part of the ap-
pellants that the title to the property was vested in the re-
spondent as soon as the verdict of the jury was rendered,
and that it may not abandon the proceedings without pay-
ment of the award, and they cite *Sprague v. Northern Pac.
R. Co.* 122 Wis. 509, 100 N. W. 842, which was a decision
under statutes identical with sub. (b), sec. 1317m—6, Stats.
While it is true that the court so held in that case, it is also
true that since that time the legislature has amended the
statutes by adding sec. 32.19, providing for abandonment
of the proceedings.   But it is contended by the appellants
that sec. 32.19, Stats., is unconstitutional as in violation of

the Seventh amendment to the United States constitution, which guarantees the jury trial provided by common law. That contention is unsound because it has been held that that provision of the constitution applies only to actions at common law in the courts of the United States, and not under the laws of the states. 24 Cyc. 103. It is also contended that sec. 32.19, Stats., is contrary to the Fourteenth amendment to the constitution as depriving the appellants of their property without due process of law and in denying them the protection of the law. We have given this contention consideration, but regard it as without merit. 10 Ruling Case Law, "Eminent Domain," § 199; 20 Corp. Jur. "Eminent Domain," § 458. The property of the appellants was not taken, and they were not deprived of their property in any way. The statute, as we construe it, contemplates that the appellants should not be legally injured in their property rights, but that they should be made whole in their reasonable and necessary disbursements incurred in a defense of the proceedings, as a condition of abandonment. That brings us to the contention of the appellants that the order of the court appealed from was erroneous because it failed to allow the appellants for their actual disbursements, including attorneys' fees.

It appears from the record that the attorneys for appellants rendered service to the appellants in the proceedings of the reasonable value of $350, for which appellants were liable. The circuit court, however, allowed only $100 for such services. The statute provides that if the person instituting such condemnation proceedings deems it inadvisable to take the real estate at the price fixed by the jury, it may, within sixty days after filing the award or within sixty days after assessment of damages, discontinue the proceedings "upon such terms as to the court shall seem just." Sec. 32.19, Stats. This statute gives to the court a large discretion, but the court nevertheless must exercise a judicial discretion and not arbitrarily deny just compensa-

tion. It is very evident the statute intends to deal fairly with the landowner and to make him whole as a condition of dismissal of the proceedings. It would be very unjust to impose large expense upon the landowner and then dismiss the proceedings without recompense for his actual and reasonable disbursements. The evidence before the circuit court was undisputed. The attorneys had rendered services to the extent of seven days in court and four days in preparation—eleven days in all. It is presumed that the attorneys were competent, and we will take judicial notice that the senior member, Mr. F. M. White, is an able attorney of large experience, he having appeared before this court many times and this court having appointed him on the board of bar examiners. In the absence of any testimony to the contrary, we will assume that their services were worth the amount claimed. The amount claimed would seem to be a modest fee. The court should therefore have allowed, in its order dismissing the proceedings, a reasonable sum for attorneys' fees as would leave the landowners in their property rights as they were before the commencement of the proceedings.

It was suggested on the hearing that the trial court apportioned the attorneys' fees for the reason that the appellants, as well as the respondent, took an appeal to the circuit court. However, it was the action of the respondent that forced the applicants into the circuit court, and appellants' appeal was a justifiable precautionary measure to protect them in any verdict that might be had in the circuit court. We do not think the respondent is justified in taking the appeal and going to trial thereon, and then seeking release from its responsibility therefor.

*By the Court.*—The order is reversed, with directions to the circuit court to enter an order in accordance with this opinion.