[Civ. No. 5692. Second Appellate District, Division One.—May 15, 1928.]

THE CITY OF LONG BEACH (a Municipal Corporation), Respondent, v. PETER O'DONNELL et al., Defendants; SAMUEL MATTHIAS BIRD et al., Appellants.

Bicksler, Smith & Parke for Appellants.

Bruce Mason, City Attorney, George W. Trammell, Jr., Assistant City Attorney, and C. A. Windham and John K. Hull, Deputies City Attorney, for Respondent.

SHAW, J., *pro tem.*—This was a proceeding in eminent domain brought to condemn several parcels of real property for public park purposes. The appellants were named in the complaint as defendants and filed an answer, appearing by attorneys whom they had engaged for that purpose. Thereafter, the plaintiff filed notice of abandonment of the proceedings; whereupon appellants sought and obtained, under section 1255a of the Code of Civil Procedure, a judgment of dismissal. Appellants then filed a cost bill in which they included a sum claimed by them as attorney fees. Plaintiff made a motion to tax costs and upon the hearing of this

motion the court made an order striking out entirely the item of attorney fees. From this order the appeal is taken.

The order is defended by plaintiff upon the ground that appellants had employed their attorneys on a contingent fee basis, whereby the attorneys were to receive nothing unless the plaintiff took the property, and that hence appellants had not incurred any liability for attorney fees, and section 1255a of the Code of Civil Procedure did not authorize the award of such fees to them on the abandonment of the proceedings. That section reads in part as follows: "Upon such abandonment, express or implied, on motion of defendant, a judgment shall be entered dismissing the proceeding and awarding the defendant his costs and disbursements, which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost-bill, to be prepared, served, filed and taxed as in civil actions; . . . " We have no doubt at all that the object of this provision as to attorney fees is merely to reimburse a defendant for attorney fees which he has paid, or to indemnify him for such fees for which he has become liable, provided the fees so paid or incurred are reasonable. A statute similar to this provision of the code exists in Illinois, and the supreme court of that state in *Chicago etc. Co.* v. *Flaherty*, 222 Ill. 67 [78 N. E. 29], gave it the construction just stated in substantially the same language which we have used. This precise question has not arisen in California, but in *City of Sacramento* v. *Swanston*, 29 Cal. App. 212, 223 [155 Pac. 101, 106], where this provision for attorney fees was held constitutional, the court said in the course of its discussion: "Under the statute complained of here . . . if the property is not accepted by the plaintiff, then he must reimburse the defendant for the expenses which he has been compelled to bear in litigation for which he was not responsible." It has also been uniformly held that mortgages and other agreements providing for the allowance of attorney fees to a party in litigation arising thereon did not extend to a case where the party has neither paid nor incurred a liability to pay such fees. (*Carriere* v. *Minturn*, 5 Cal. 435; *Patterson* v. *Donner*, 48 Cal. 369, 380; *Bank of Woodland* v. *Treadwell*, 55 Cal. 379; *City Investment Co.* v. *Pringle*, 49 Cal.

App. 353 [193 Pac. 504].)   In *Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 532 [16 Pac. 325], the court intimated that the same rule would apply to the provision formerly contained in section 1195 of the Code of Civil Procedure for allowing reasonable attorney fees to the successful claimant in a mechanic's lien case.

At the hearing of the motion to tax costs, one of the appellants' attorneys testified that he told the appellant Samuel M. Bird, who apparently had charge of the matter for both appellants: " 'Well, Mr. Bird, it is a little stiffer fee, being a contingent fee; as you know, it is a little more than if you gave us a *per diem*, which we would much rather have; the fees will be 20 to 30 per cent.' He just nodded his head up and down and said, 'Well, all right, go ahead.' " Appellant Samuel M. Bird testified that this was correct; that nothing was said at all about what was to be paid in case there was an abandonment; that he had paid no attorney fees in this proceeding, and that the only obligation which he had with the attorneys was to pay them twenty to thirty per cent of the value of the property in case it were condemned.   This testimony shows that the agreement was for a contingent fee and that the appellants never incurred any liability to their attorneys for a fee in this proceeding, the contingency on which the fee was payable not having occurred.   The case is squarely within the rule declared in *Lavenson* v. *Wise*, 131 Cal. 369 [63 Pac. 622], and *Reynolds* v. *Sorosis Fruit Co.*, 133 Cal. 625 [66 Pac. 21]. In *Lavenson* v. *Wise* the attorney had made an agreement to collect a note for "the sum of $500 as a fee upon collection of the same," both he and the client expecting at that time that there would be no litigation over the matter. In fact, the suit which he brought upon the note was defended and defeated.   The supreme court held that the fee was contingent and that although the attorney and client had both assumed that there would be no litigation, yet the attorney could not proceed under that agreement and after defeat of his client attempt to repudiate it and collect an attorney's fee   This rule was approved and followed in *Reynolds* v. *Sorosis Fruit Co., supra.*

The order appealed from is affirmed.

Houser, Acting P. J., and York, J., concurred.