Rafael Díaz Cintrón, Plaintiff and Appellee, v. Francisco
Vilches García, Defendant and Appellant.

No. 6772. Argued July 23, 1934.—Decided July 26, 1934

*J. Valld'ejuli Rodríguez* for appellant. *Dubón & Ochoteco* for
appellee.

Mr. Chief Justice Del Toro delivered the opinion of the
Court.

The plaintiff-appellee requests the dismissal of the appeal
taken in this case on the grounds that the appellant has been
negligent in the perfection thereof and that it is frivolous.
We shall not take into consideration the first ground inas-
much as in our opinion the dismissal lies for the second.

It was alleged in the complaint, in brief, that on or about
September 15, 1932, the plaintiff and the defendant verbally
contracted that the first should bring a mortgage foreclosure
proceeding to collect a credit for ten thousand dollars,
interests thereon, and one thousand dollars more for costs
and attorney's fees in case of execution of said credit consti-
tuted in defendant's favor by the spouses Nicolás Mitchel
and Ricarda (*sic*) Bull, the defendant binding himself to pay
the plaintiff for his professional services the sum of one
thousand dollars, and that the proceeding was in fact com-
menced and disposed of in accordance with the law, the mort-
gaged property being finally adjudicated to the defendant,

and the latter having afterwards refused to pay the agreed fees to the plaintiff.

The defendant answered denying the existence of the contract. He did recognize the existence of the services but alleged that the plaintiff had told him that they would not exceed $200 or $250. He further alleged that the property adjudicated to him was encumbered with preferred credits and that the house and plantations thereon were in ruins, and that he had not collected a cent of his credit in cash. He stated that he had offered to pay the plaintiff two hundred dollars for his services, in addition to any other expense incurred in the prosecution of the action, and that the plaintiff had refused to accept his offer. He prayed for a judgment in his favor with costs to the plaintiff.

The issue being thus joined, the case went to trial, the court deciding the same by judgment of November 27, 1933, in favor of the plaintiff. From the statement of the case and the opinion delivered *ad hoc,* we transcribe the following:

"The original record of action No. 703, of the District Court of Bayamón, brought by *Francisco Vilches García* v. *Nicolás Mitchel* and his wife Rosario Bull, to foreclose a mortgage, were produced in evidence (Plff. Exh. 1), said record comprising 147 usable folios. The initial petition, which consists of 25 pages, was filed on October 13, 1932 there being attached the deeds of constitution, modification and assignment of the credit, as well as a certificate of the registrar of property relating to the properties object of the execution, issued on October 6, 1932, at the request of attorney R. Díaz Cintrón. The court, through its Judge Mr. Samalea, ordered the demand for payment of the sums claimed, that is, $10,000 principal, $500 interests accruing from July 1 to December 31, 1932, and those which may become due until the total payment thereof, and $1,000 fixed for costs, expenses and attorney's fees, notice to subsequent creditors being directed. As moved by the plaintiff through his attorney, record of the notice of *lis pendens* in the registry of property was also directed. After these steps, others taken by the foreclosing creditor, the court, and its officers, appear, the amount of $43.80 in internal revenue stamps being canceled in the marshal's return of February 13, 1933, relating to the adjudication and sale of the mort-

gaged property, and said amount having been, as disclosed by the evidence, the only one which the foreclosed creditors paid.

"RAFAEL DÍAZ CINTRÓN testified that while Francisco Vilches García was confined in the 'Auxilio Mutuo,' Río Piedras, P. R., he there agreed with him upon the sum of $1,000 as his services for the foreclosure of the mortgage, which sum is the one appearing on the deed, and was to be paid the day on which the auction sale of the mortgaged property would take place, the expenses and disbursements of the proceeding to be borne by the defendant. Said witness also testified, without being contradicted as to this part, that he paid all the expenses and costs of the proceeding, consisting of the stamps canceled in the summons and the fees paid to the clerk and to the marshals of Bayamón and San Juan, for their respective services and for the certificates and entries in the registry of property, and service by publication, said expenses and costs amounting to $47.65, plus the expenses by reason of the deed of adjudication and copy thereof, $2.50 and $1.50 respectively, and the record in the registry of property, with the exception of the marshal's fees for the adjudication and sale, amounting to $43.80, which, as has been stated before, were paid by the plaintiff personally, as the defendant did not have the money at the moment, due to the fact that the value of his services has not been then paid to him according to the agreement.

"RAMÓN BARRIOS, marshal of the District Court of Bayamón, testified as to a conversation had with the defendant, in which the latter admitted his having agreed to pay Mr. Díaz Cintrón, as his fees, the sum of $1,000 or the amount fixed in the deed.

"ENRIQUE PONSA PARÉS, prosecuting attorney of the District Court of Bayamón, testified substantially that the day the deed of adjudication was executed, he overheard a conversation between the plaintiff and the defendant, the latter stating that the fees for $1,000 were excessive, considering that the property was adjudicated to him for the mortgage, that he did not receive a cent in cash, that the house was destroyed, and the grapefruit trees were neglected, and he asked his interlocutor to reduce said fees to $500, the plaintiff declaring that such was the agreement and that he had promised to bring him the money that day and had failed so to do.

"NORMAN E. PARKHURST testified in rebuttal as to propositions he made to Francisco Vilches for the settlement of the case, and the answer to the effect that he should see his attorney Mr. Díaz Cintrón.

"GERMÁN RIECKEHOFF and FRANCISCO VILCHES GARCÍA tended to show with their testimony that the defendant did not intend to bring the foreclosure proceeding and that the plaintiff told them that the fees and expenses of the proceeding would not exceed $250, the house being in ruins and the plantations destroyed, and the adjudicated properties not being over $5,000 worth. Said witnesses did not assert that the fees were fixed at $250 or in any other amount.

"JUAN VALLDEJULI RODRÍGUEZ and ADRIÁN AGOSTO, attorneys, testified as to the value of the services, the first one declaring that the amount of $250 was just, and the second that, in the absence of an express contract, considering the economic conditions of the Island, and the mortgage foreclosure proceeding being a trodden path, the amount of $300 was fair and reasonable.

"The action is based upon the existence of an express contract for professional services. The preponderance of the evidence is in favor of the plaintiff. The defendant really bound himself to pay him the amount of $1,000, appearing on the deed, for the services of attorney and the costs, expenses, and disbursements of the proceeding in which the plaintiff incurred, with the exception of the amount of $43.80 paid to the marshal as fees of adjudication and sale, and said amount does not seem to be excessive in view of the work done and the amounts paid by the plaintiff in the proceeding. However, the amount of $43.80 paid by the defendant should be deducted from the claim.

"'An attorney may make an enforceable contract with one about to become his client for the payment of compensation for services to be rendered, and such a contract is not subject to the particular scrutiny of the court, as the client is regarded competent to judge for himself what is a proper sum to pay for services. The validity of the contract does not depend on the value of the services rendered, and it has been held that the objection of want of mutuality cannot be sustained in such contracts.' 6 C. J. 735, paragraph 4. See also *Reynolds* v. *Sorosis Fruit Co.*, 133 Cal. 625; 3 Cal. Jur. 696, section 95."

The transcript of the evidence prepared by the stenographer and served by the appellant on the appellee to the effect of the examination thereof for the approval by the court, affirms the conclusions of the latter contained in its statement of the case and opinion which we have hereinbefore transcribed.

The appellant objected through his attorney to the dismissal on grounds of frivolity "because in order to dismiss the appeal as being frivolous, no merits of any kind are shown in the motion therefor, this Supreme Court not being in condition to pass upon that point with the documents submitted by the appellee. The transcript of the evidence consists of 188 pages and innumerable questions of law are therein set forth, among them the one upon which this Supreme Court has to pass to the effect of whether an attorney, even though his client might lose the principal or mortgage credit, may collect for himself the credit assigned in the mortgage deed for costs, expenses, disbursements and attorney's fees. That is, whether that credit is assigned as the property of the foreclosing attorney, or whether it is the mortgage creditor's property. There is also the problem as to whether by the mere fact of engaging the services of an attorney to foreclose a mortgage, by that act alone, a contract is made with that attorney by which an additional credit for costs, expenses, disbursements, and attorney's fees becomes his property."

The complaint was based on the specific performance of a contract for one thousand dollars as payment of given professional services which in fact were rendered, not on that the defendant was bound to pay the same to the plaintiff, by the fact that one thousand dollars were assigned in the mortgage deed for costs and attorney's fees in case of foreclosure, as the attorney who was in charge of the judicial proceeding instituted to that effect. By virtue of the averments and the evidence, the court declared that the alleged contract was certain. And this being so, the judgment rendered was the proper one in law.

At the hearing of the motion, the attorney for the defendant-appellant verbally argued that since the contract on which the plaintiff's claim was based was not in writing, the claim was void. He invoked Section 1232 of the Civil Code, 1930 ed. In order to show the lack of merit of the contention, it

will suffice to refer to the decision of this Court in *Santiago* v. *Cuevas*, 41 P.R.R. 115, 124, and 125, and those therein cited.

As we are convinced that a clearly frivolous appeal is involved, instituted with the mere purpose of delaying the execution of the judgment, we think that the motion must be granted and in consequence thereof the appeal must be dismissed.