[Civ. No. 10027. Second Appellate District, Division One.—December 2, 1935.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. BYRON WELSH et al., Defendants; MARIE DOMBLIDES TAIX, Appellant.

D. Joseph Coyne for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Charles F. Reiche, Deputy City Attorney, for Respondent.

SHINN, J., *pro tem.*—Appeal from an order taxing costs and striking out item of attorney's fees claimed under section 1255a of the Code of Civil Procedure.

Upon abandonment by plaintiff of a proceeding to condemn land and dismissal of a condemnation action, the court entered judgment of dismissal and awarded defendant Taix her costs. She filed a cost bill claiming $2 clerk's fee for filing her answer and the sum of $729 for attorney's fees. Upon plaintiff's motion, the court struck ·out the item of attorney's fees and denied appellant any allowance therefor, from which order she appeals. In the notice of motion to tax costs plaintiff objected to the attorney's fees claimed as excessive, exorbitant and unreasonable. It appears from the cost bill that the amount claimed was 5 per cent of an award of $14,581, theretofore made in appellant's favor, and it appears, inferentially, that the fee was contingent and dependent upon the amount of the award. Affidavits of defendant Taix and her attorney were used upon the hearing. It appears therefrom that the attorney was to receive a fee equal to 5 per cent of the award and it does not appear that the fee would not have been due unless the award was paid, nor does it appear that the attorney was to receive nothing in case the proceedings should be abandoned. A counter-affidavit of the deputy city attorney who was in charge of the proceeding was also used at the hearing. The only issue to which the affidavits were pertinent was as to the value of the services. From this record, alone, contained in the clerk's transcript, certified by the judge, it appears without question that the attorney rendered services which could not be held to be valueless. Unfortunately, however, this record is incomplete. The minutes of the court, brought to this court upon diminution of the record, show that upon the hearing of the motion, the attorney for defendant Taix was sworn and testified. The testimony which he gave is not before us. Whether it related to the value of his services or to the terms of his contract of employment or to both, we cannot know, but we are bound to assume that it related to the issues before the court and that it was given due consideration. If the court concluded from that testimony that the fee was contingent upon payment of the award by the city, the order disallowing the item of attorney's fees was a proper one.

This court has held in *City of Long Beach* v. *O'Donnell*, 91 Cal. App. 760 [267 Pac. 585], that attorney's fees are recoverable by a defendant, when an action to condemn land is dismissed, only in case they have been paid or there exists an obligation to pay them, and that a contingent fee may not be collected as costs where the contingency upon which it was to be paid has not occurred. As only a part of the evidence is before us, we are bound by the presumption that the evidence, as a whole, was sufficient to support the order disallowing the attorney's fees. We conclude, therefore, that the court found that defendant Taix had not paid and was under no liability to pay her attorney anything for the services he had performed in her behalf in the defense of the action, and that the testimony of her attorney which is not before us, supported that conclusion.

A point is made of the fact that the motion to strike out the item of attorney's fees in the cost bill did not specify, as one of the grounds therefor, that the fee was contingent and not due or payable. The record does not show that any objection was made upon that ground at the time of the hearing of the motion and we must presume that the point was waived. (18 Cal. Jur. 652.) It is unnecessary to consider whether the order appealed from is sustainable upon other grounds.

The order is affirmed.

Houser, P. J., and York, J., concurred.