[Civ. No. 14350. First Dist., Div. Two. Apr. 20, 1950.]

MARY IRENE BALDIE, Appellant, v. BANK OF AMER-
ICA NATIONAL TRUST & SAVINGS ASSOCIATION
(a Corporation) et al., Respondents.

(Two Cases.)

Jonathan H. Rowell for Appellant.

Frank V. Kington for Respondents.

DOOLING, J.—Two cases involving the same plaintiff but
with different defendants were by stipulation consolidated for
trial. From judgments adverse to her in both cases plaintiff
appeals. The two cases have no facts in common and we must
consider them separately.

### The Pacheco Case

Plaintiff sued Pacheco to recover certain Chinese rugs and
furniture alleged to have been delivered to Pacheco for car-
pentry work to be done by him and alleging failure of perform-
ance by Pacheco. Pacheco answered and cross-complained
for the value of services rendered and materials furnished to
plaintiff. The court found that Pacheco had done carpentry
work and furnished materials to plaintiff of the reasonable

value of $1,183.50; that plaintiff had paid Pacheco $100 in cash and delivered to him furniture and rugs of the reasonable value of $536. The court allowed plaintiff a credit for the sum of these items and gave Pacheco judgment for the balance of $547.50. As to a Chinese rug valued at $1,000 the court found that this was a gift by plaintiff to Pacheco's wife.

Plaintiff does not point out wherein any of these findings are not supported by the evidence and respondent points to evidence supporting each finding. A discussion of the evidence seems therefore unnecessary. This judgment must be affirmed.

### The Bullock Case

Plaintiff sued Bullock, an attorney-at-law, to recover certain Chinese furnishings or their value. During his lifetime Mr. Bullock filed an answer and cross-complaint in which he asked that his title to the Chinese furnishings be quieted. He alleged in his cross-complaint that he had received this furniture as payment of the indebtedness to him for legal services performed by him for plaintiff. Mr. Bullock thereafter died and the action was continued against his executors.

On the trial plaintiff produced the following document in the handwriting of Bullock (the name Mrs. Fredericks appearing therein admittedly refers to the plaintiff Baldie):

"May 11th, 1944

"Rec'd from Mrs. Fredericks five hundred (500) Dollars on a/c of fee for services to be rendered in the Estate of Graham, deceased, balance in full $500 to be paid very shortly on or about one week hence.

"Joseph J. Bullock."

The evidence developed that plaintiff was a substantial beneficiary under the will of Graham and employed Mr. Bullock to represent her in the probate proceedings in Graham's estate. It further developed that a contest of the will was later filed and Mr. Bullock represented plaintiff in that contest. During the course of the trial the executors obtained leave to file an amended cross-complaint for legal services rendered plaintiff by Bullock alleging the reasonable value of such services to be $5,000. The court found that the will contest was not in contemplation of the parties when the document of May 11, 1944, was given by Bullock to plaintiff, found Bullock's services to be of the value of $5,000 and after crediting the $500 paid and the Chinese furnishings received at the value of $2,042.50 gave judgment to the executors for the balance of $2,457.50. Included in this were certain services of a minor

character performed by Bullock outside the estate of Graham but their value was neither separately testified to nor found by the court.

There was no testimony that Bullock ever informed plaintiff that he intended to charge more than the $1,000 originally agreed upon for his services in estate of Graham and his own cross-complaint filed before his death contradicts the idea that he did so, since he there alleged that the Chinese furnishings were received "as payment of said indebtedness" and did not assert that there was any balance due.

Under the facts we cannot escape the conclusion that the case is governed by *Lavenson* v. *Wise,* 131 Cal. 369 [63 P. 622] and *Reynolds* v. *Sorosis Fruit Co.,* 133 Cal. 625 [66 P. 21]. In the Lavenson case an attorney signed a memorandum in the form of a receipt for a promissory note which contained the following language:

"Said John H. Wise to pay upon demand the sum of fifty ($50.00) dollars for court costs and the sum of five hundred ($500.00) dollars as a fee upon collection of the same."

Suit was commenced on the note, the action was contested and judgment went for defendant. The attorney at the request of the client gave notice of appeal and prepared a transcript. He demanded a $500 fee from his client and when this was refused he brought suit through an assignee for his services and recovered $1,000. On appeal the judgment was reversed.

The claim was asserted in that case as it is here that the services performed by the attorney were not in the contemplation of the parties when the memorandum was signed because it was assumed by both that the suit would not be contested. The Supreme Court reversed the judgment. The court said (131 Cal. 375) that "it was Mr. Rothschild's duty to inform him (the client) that the answer so changed the matter from its original aspect that a new agreement would have to be made as to his compensation. Saying nothing and doing nothing to indicate an unwillingness to continue as he had begun, Mr. Rothschild must be held to have continued under the only agreement then existing between the parties.

". . . Mr. Rothschild had good cause for rescinding the contract or for refusing to proceed under it, but it was too late to rescind after it had been performed."

The appositeness of this decision to the case before us is complete and compelling. Mr. Bullock agreed to accept $1,000 "for services to be rendered in the *Estate of Graham.*"

It may be that when the filing of the will contest required services in that estate not in contemplation of the parties when the memorandum was signed Mr. Bullock might then have insisted on additional compensation before proceeding, but there is no proof that he did so and his own cross-complaint indicates strongly that he did not. His services rendered in the estate of Graham, in the absence of a showing to the contrary must be held (in the language of the Lavenson case) "to have continued under the only agreement then existing between the parties."

In *Reynolds* v. *Sorosis Fruit Co., supra,* legal services were agreed to be performed until "all matters pertaining to the relations with Howard & Co. are adjusted" for a fee of $400. The attorney attempted to collect an additional fee. Said the court (133 Cal. 629):

"Plaintiff said nothing to defendant about any extra charge, or any charge outside the contract, until the suits had been terminated. If he contemplated such charges, it would have been only fair to have so notified defendant. What is said by this court in the late case of *Lavenson* v. *Wise,* 131 Cal. 369 [63 P. 622], is applicable here."

These two cases were cited in appellant's opening brief and respondents have not attempted to distinguish nor even to discuss them. They appear to us to be controlling.

The judgment in favor of Pacheco is affirmed. The judgment in favor of the executors of Bullock's estate is reversed.

Nourse, P. J., and Goodell, J., concurred.