[Civ. No. 21173. First Dist., Div. Two. Dec. 16, 1963.]

FRANKLIN-McKINLEY SCHOOL DISTRICT OF SANTA CLARA COUNTY, Plaintiff and Respondent, v. F. RAYMOND LESTER et al., Defendants and Appellants.

Marlais & Hover and Wade H. Hover for Defendants and Appellants.

Spencer M. Williams, County Counsel, and Robert P. McNamee, Deputy County Counsel, for Plaintiff and Respondent.

AGEE, J.—Plaintiff's original complaint sought to condemn certain land owned by defendants for use as a school site. Thereafter, an amended complaint changed the location

of the land to be condemned to another site, also owned by defendants.

The parties agreed that such an amendment constituted an abandonment of the proceeding as to the original site *(County of Kern v. Galatas,* 200 Cal.App.2d 353, 357 [19 Cal.Rptr. 348]) and that by reason thereof defendants became entitled to the costs provided for in section 1255a of the Code of Civil Procedure.

This section provides that, upon abandonment, "a judgment shall be entered dismissing the proceeding and awarding the defendants *their costs and disbursements,* which shall include all necessary expenses incurred in preparing for trial and reasonable attorney fees. These costs and disbursements, including expenses and attorney fees, may be claimed in and by a cost bill, to be prepared, served, filed and taxed as in civil actions; ..." (Italics added). Such a judgment of dismissal and award of costs was duly entered herein.

Defendants included in their cost bill an item of $10,000 for attorney fees. Plaintiff's motion to tax this item was granted in its entirety. Defendants have appealed from the order.

Defendants had employed their attorney under an oral agreement that he was to receive, as his fee for legal services, either (1) 5 per cent of the total amount paid by plaintiff to the defendants for the property taken or (2) 50 per cent of the difference between the net recovery by defendants for such property and the amount which plaintiff originally had offered to pay therefor, whichever of these two amounts was the greater. The agreement contained no provision for a fee in the event of an abandonment.

The trial court in its findings and conclusions held that the attorney had a contingency fee contract with the defendants, that there was no arrangement requiring payment of any fee in the event of an abandonment, and that there was no obligation on the part of defendants to pay their attorney any fee in the event of an abandonment.

The decision in the instant case is squarely in accord with *City of Long Beach v. O'Donnell,* 91 Cal.App. 760 [267 P. 585], and *City of Los Angeles v. Welsh,* 10 Cal.App.2d 441 [52 P.2d 296].

The rule of these two decisions is stated as follows: "The object of the provision in Code of Civil Procedure § 1255a as to recovery of attorneys' fees is to reimbruse [*sic*] the defendant for fees he has paid, or to indemnify him for such fees as he may have become liable for, provided the fees

so paid or incurred are reasonable. Therefore, where the agreement between the defendant and his attorney is for a contingent fee and the contingency has not occurred, a claim for counsel fees is not justified despite the fact that the agreement did not specifically consider the possibility that there might be an abandonment of the condemnation suit.'' (17 Cal.Jur.2d 780-781.)

Defendants urge us not to follow this rule because it unjustly discriminates between an attorney who is employed under a contingent contract and one who is employed on a quantum meruit basis.

Plaintiff replies that, in the instant case, the action proceeded as to the new site and that defendants' attorney was not deprived of a fee by reason of the abandonment of the first site. So far as the action as to the first site is concerned, however, it should be treated as a complete abandonment within the meaning of section 1255a. What happened thereafter as to the condemnation of the second site is not relevant to the issue herein.

In California Condemnation Practice (Cont. Ed. Bar), it is suggested that the present difficulty can be avoided by including, in any contingent fee agreement such as that involved herein, the following provision: ''If there is an abandonment by the plaintiff condemnor, you will be responsible to us for a reasonable fee for our services rendered up to the time of the abandonment.'' (P. 18.)

However, we are not justified in adding such a provision to the agreement.

Order affirmed.

Shoemaker, P. J., and Taylor, J., concurred.