HUTTERLI and wife, Respondents, v. STATE CONSERVATION COMMISSION, Appellant.

*February 27—March 14, 1967.*

For the appellant the cause was argued by *Dorothy Walker* of Portage, special counsel, with whom on the briefs were *Bronson C. La Follette,* attorney general, and *William H. Wilker,* assistant attorney general.

For the respondents there was a brief by *Bogue & Sanderson* of Portage, attorneys, and *Callahan, Arnold & Van Metre* of Columbus of counsel, and oral argument by *Carroll B. Callahan.*

GORDON, J.    The legislature has directed that a petition to abandon condemnation proceedings shall be granted upon such terms as the circuit judge "deems just." Sec. 32.06 (9) (a), Stats.    This appeal requires our determination whether the amounts allowed in the case at bar meet that standard.    Other cases in which we have considered this type of problem are *Witzel v. Madison Metropolitan Sewerage Dist.* (1958), 5 Wis. (2d) 443, 93 N. W. (2d) 174, and *Brown v. County State Road & Bridge Committee* (1924), 182 Wis. 480, 196 N. W. 860.

Although we do not agree with all of his conclusions, our deliberations in this case were facilitated because we had the benefit of a thorough and well-reasoned analysis by the learned trial judge.

In the absence of a motion for review, we are not required to pass upon the correctness of Judge GOLLMAR'S decision that there can be no recoupment here on the part of the property owners for the expenses incurred by them in the proceedings before the county condemnation com-

missioners. The case progressed to the circuit court, and there was a jury verdict; the trial judge construed sec. 32.06 (10) (c), Stats., as limiting the allowance of terms to the circuit court expenses.

The property owners did not cross-appeal from the order of the circuit court, nor did they make a motion to review as required by sec. 274.12, Stats. Although several members of this court doubt the accuracy of the trial court's interpretation, there is no occasion for us to pass on the question. *McPhillips v. Blomgren* (1966), 30 Wis. (2d) 134, 140 N. W. (2d) 267; *Tom Welch Accounting Service v. Walby* (1965), 29 Wis. (2d) 123, 138 N. W. (2d) 139; *Karis v. Kroger Co.* (1965), 26 Wis. (2d) 277, 132 N. W. (2d) 595.

The trial court allowed recovery to the landowners for certain expenses totaling $228.65 which covered charges for items which were useful at both the commission level and in the circuit court. We see no error in that allowance.

The appellant disputes the trial court's ruling which granted fees for more than three expert witnesses. The landowners were given reimbursement for the charges of three appraisers ($2,391.78) and were allowed an additional $544.22 to cover the fees of six other expert witnesses who the trial judge found "were experts as to such things as the value of pine trees and as to the questions involved in whether or not the land can be used as a camping ground."

The trial judge was fully mindful of the proscription of sec. 32.06 (9) (a), Stats., which limits these fees for "not to exceed 3 expert witnesses," but he explained his view in this manner:

"It should be noted that the Conservation Commission likewise brought in witnesses who were expert in a sense on these other subjects. The Court is of the opinion that the statute, when it refers to three expert witnesses, must be construed as meaning three expert witnesses as to ap-

praisal of the land. In other words, that the property owner should not be permitted to parade 15 or 20 appraisers across the stand and then if the situation arises, as it has here, recover for all of them. I do not think, however, that this bars the recovery of reasonable fees paid for other people who are experts upon another phase of the case, or rather upon a specific phase of the case. Here again we have to bear in mind that the statute as construed by the Court has clearly been broadened out to permit allowance of such items as will make the property owner reasonably whole."

We are unable to agree with the foregoing expression. The statute gives broad powers to the trial judge, but it expressly limits his allowance of fees for expert witnesses to three. The legislature has spoken clearly and its mandate should be enforced. The logic of the trial judge's position may justify a change in the legislation, but it does not permit us to approve fees for more than three expert witnesses. It was error to have authorized fees for nine expert witnesses.

The appellant urges that the allowance of fees for the three appraisers in the sum of $2,391.78 was unreasonably large. This argument is based upon the claim that the appraisers' bills are not adequately itemized. There was no proof offered to contradict the propriety of these amounts, and we see no reason to question the sound discretion of the trial judge in treating these three appraisers' bills as reasonable.

Although no attorneys' fees were allowed for services performed by the landowners' attorneys in the proceedings before the county condemnation commission, the trial judge found that $12,027.65 was a reasonable attorneys' fee. The trial judge examined the contingent fee contract which existed between the landowners and their counsel and asserted that he knew of "no better basis for determining a reasonable attorneys' fee in this case than the amount that the Hutterlis are required to pay under their contract."

The contingent fee contract in the case at bar did not grant counsel simply a portion of the total jury award; instead, it provided for a one-third fee as to the amount by which the jury's award exceeded the jurisdictional offer of $9,000. The contract stated that the attorneys would "receive nothing for services before the commission or upon appeal before the court and jury unless a commission award greater than $9000.00 is made or a jury verdict is obtained greater in amount than $9000.00."

While there is nothing *per se* improper in a contingent fee contract, it does not automatically follow that the circuit judge must honor it in applying his equitable discretion under sec. 32.06 (9) (a), Stats. If it represents a reasonable charge it should be granted; if it is excessive it should not be granted. Thus, a contingent fee agreement is only a guide, but not a control on the question of a reasonable fee.

The trial judge placed reliance upon the contingent fee contract; however, he also commented that the sum of $12,027.65 was fair not only because of the contract, but, in addition, it was a reasonable fee for these services in the absence of a contract. This, we believe, is a proper construction of Judge GOLLMAR'S statement appearing at page 104 of the transcript.

There is applicable to this phase of the case the observation of the court in *Cincinnati v. Bradford Machine Tool Co.* (1942), 38 Ohio L. Abs. 151, 152, 49 N. E. (2d) 575:

"The trial judge was personally familiar with much of the work for which compensation was asked and was, therefore, in a much better position to determine its value than this court could possibly place itself by a reading of this record.

"While the award to the attorneys is large, there is no doubt that skillful and painstaking services were rendered resulting in the successful termination of the litigation. This Court would not be justified in substituting its judgment for that of the trial judge as to the monetary value of these services."

We realize that some other jurisdictions look askance at contingent fee contracts in relationship to the abandonment of a condemnation, but we do not subscribe to such view. See *Franklin-McKinley School Dist. v. Lester* (1963), 223 Cal. App. (2d) 347, 35 Cal. Rptr. 727; *Los Angeles v. Welsh* (1935), 10 Cal. App. (2d) 441, 52 Pac. (2d) 296; *Long Beach v. O'Donnell* (1928), 91 Cal. App. 760, 267 Pac. 585; *South Carolina Public Service Authority v. Weeks* (1942), 201 S. C. 199, 22 S. E. (2d) 249.

Whether a contingent fee contract provides for a reasonable fee under sec. 32.06 (9) (a), Stats., is a matter within the discretion of the trial court. Whether it constitutes a fair fee will depend on all the circumstances of the case. We repeat, it is only a guide; the trial court may heed it if it arrives at a just and reasonable figure. We find no persuasive reason to question the trial judge's reliance on the fee contract in the instant case.

The appellant also complains about the fact that the fee exceeds the minimum bar fee on an hourly basis. We share the trial judge's opinion that experienced attorneys need not confine themselves to "minimum fees."

The trial court allowed the respondents $500 to cover their attorneys' fees for the abandonment proceedings which were held in the circuit court. We deem that a valid allowance.

Is a landowner entitled to an allowance for his legal fees on an appeal to the supreme court? In our opinion, the answer is normally "yes," but this is a matter resting in the discretion of this court, to be resolved on a case-to-case basis. The expense is one which is inherent in litigation, and its allowance is consistent with our statements in *Witzel v. Madison Metropolitan Sewerage Dist.* (1958), 5 Wis. (2d) 443, 93 N. W. (2d) 174, and *Brown v. County State Road & Bridge Committee* (1924), 182 Wis. 480, 196 N. W. 860.

In Illinois a condemnee is permitted to recover attorneys' fees for an appeal to the supreme court provided the

state is the appellant, but fees are not allowed if the landowner is the appellant. *Department of Public Works v. Lanter* (1958), 15 Ill. (2d) 33, 153 N. E. (2d) 552. In California, reasonable attorneys' fees can be granted regardless which side takes the appeal. *Decoto School Dist. v. M. & S. Tile Co.* (1964), 225 Cal. App. (2d) 310, 314-316, 37 Cal. Rptr. 225. However, in the latter case, the court noted that if the landowner were to take an unwarranted appeal, fees for his legal expense would be refused.

In the case at bar, we believe that the counsel fees fixed by the circuit court, while reasonable, were generous enough to justify our exercising our discretion to deny additional fees upon this appeal.

The order in this case must be modified to exclude the allowance of the sum of $554.22 as fees for six expert witnesses, but in all other respects it is affirmed. Each party is to bear his own costs in this court.

*By the Court.*—Order modified, and, as modified, affirmed.