[No. A048793. First Dist., Div. Five. Nov. 18, 1991.]

SEVERSON & WERSON, Plaintiff and Respondent, v.
KENNETH W. BOLINGER et al., Defendants and Appellants.

COUNSEL

White, Courts & Mitchell and Kathleen Courts for Defendants and Appellants.

Richard M. Bryan, Severson & Werson and Jan T. Chilton for Plaintiff and Respondent.

OPINION

KING, J.—In this case we hold that when a law firm quotes specific hourly rates for the services of named attorneys to a prospective client who then agrees in writing to pay the firm's "regular hourly rates," the law firm cannot raise the rates charged by the named attorneys without first notifying the client.

Kenneth W. and Myra Sue Bolinger appeal from a judgment in favor of Severson & Werson (Severson), challenging both the amount of the judgment and the award of prejudgment interest, costs and attorney fees.

Between 1980 and 1984, Severson represented the Bolingers, their partners Robert and Darleen Smith, and Collection Computers, Inc., in litigation against Sperry Corporation under the terms of an August 28, 1980, fee agreement letter.[1] In January 1985, Severson sued its former clients for $138,584.97 in unpaid fees. The defendants requested nonbinding arbitration (Bus. & Prof. Code, § 6200 et seq.) which resulted in an award to Severson in the requested amount. The defendants rejected the award and requested a trial after arbitration (Bus. & Prof. Code, § 6204, subd. (b)).

Before the trial began, the Smiths settled with Severson for $50,000. On November 6, 1989, after a bench trial, the court filed a tentative decision dated October 20 (Code Civ. Proc., § 632) awarding Severson "$138,584.97 as prayed (subject to stipulated reduction, credit or offset), together with interest and attorneys' fees," and ordering Severson's counsel "to prepare, serve and submit to court a proposed statement of decision and judgment (Rule 232)."

On November 9, Collection Computers filed a notice of pending bankruptcy resulting in an automatic stay of proceedings against it (11 U.S.C. § 362 (a)(1)) as of September 12. On November 21, the Bolingers and Collection Computers filed a detailed request for statement of decision (Code Civ. Proc., § 632). On December 1, Severson served its proposed statement of decision and judgment, and a memorandum of costs. The trial court signed the statement of decision and judgment on December 9. On December 14, the Bolingers filed a notice of pending bankruptcy resulting in an automatic stay of proceedings against them as of December 11. On December 18, the trial court filed its statement of decision and judgment.[2]

Among other things, the trial court found that when Severson began representing Bolinger he was told Ryland's billing rate was $110 per hour and that of attorney Tom Wood was $90 per hour. The court also found, "Throughout the course of its representation Severson increased the hourly

---

[1] In relevant part, Severson attorney D. Ronald Ryland wrote, "I have spoken with Messrs. Smith and Bolinger about the financial arrangements under which the firm would undertake the representation. Thus, it is our practice to base our fees upon our regular hourly rates and to submit bills for those fees together with any costs advanced by us on a monthly basis with the expectation that the monthly bills will be paid on a current basis." The record reveals no other writing concerning fees.

[2] Although there was no judgment against Collection Computers and the corporation has not joined the appeal, some of the postjudgment motions are purportedly made in its name. Henceforth, defendant-appellant will be referred to only as "Bolinger."

billing rates for [its] services without notifying [Bolinger] of the changes. . . .The bills which were sent by Severson did not set forth the hourly rates of the attorneys or contain information from which, on their face, changes in the hourly rates could be determined." These findings are supported by substantial evidence.

On December 21, Bolinger filed a motion to strike Severson's memorandum of costs and to tax costs, and detailed objections to the proposed statement of decision. On January 3, 1990, Bolinger filed a motion to vacate and set aside the statement of decision and judgment and for a new trial or, in the alternative, for an order modifying the statement of decision and judgment, vacating and setting aside the statement of decision and/or re-opening the case for further proceedings (Code Civ. Proc., §§ 659, 662), and a separate motion to vacate and set aside the statement of decision and judgment under Code of Civil Procedure section 473 and California Rules of Court, rule 520. After a hearing on January 31, the court ruled it had no jurisdiction to hear further motions while the bankruptcy court stay was in effect. On March 22, 1990, after Bolinger had filed its notice of appeal, the bankruptcy court granted Severson's motion for relief from the automatic stay retroactive to December 11, 1989, and ordered the running of all state court time periods tolled from that date "or the date from which time commenced to run, whichever is later" until March 18, 1990.

■■■ Bolinger's primary contention is that as a matter of law Severson could not unilaterally change the hourly rates of attorneys Ryland and Wood. We agree.

In essence we are presented with conflicting interpretations of the terms of a contract. Severson apparently construed the phrase "our regular hourly rates" as used in the fee agreement letter to include its "standard practice" of changing, i.e., raising, its hourly rates "from time to time" without notifying clients. Bolinger assumed the regular hourly rates for the professional services of Ryland and Wood were those quoted to him.

■■■ "Attorney fee agreements are evaluated at the time of their making and must be fair, reasonable and fully explained to the client. Such contracts are strictly construed against the attorney." (*Alderman* v. *Hamilton* (1988) 205 Cal.App.3d 1033, 1037 [252 Cal.Rptr. 845], citations omitted. See also *Reynolds* v. *Sorosis Fruit Company* (1901) 133 Cal. 625, 630 [66 P. 21], *Lane* v. *Wilkins* (1964) 229 Cal.App.2d 315, 323 [40 Cal.Rptr. 309], Civ. Code, § 1654.) The *Alderman* court goes on to note, "In order to protect clients and to assure fee agreements are fair and understood by clients, the Legislature enacted numerous statutes specifically delineating the required contents of most attorney fee agreements. (Bus. & Prof. Code, §§ 6146-6148.)" (*Alder-*

*man* v. *Hamilton, supra,* 205 Cal.App.3d at p. 1037.) Bolinger does not dispute the trial court's finding that the duties specified in Business and Professions Code section 6148 (added by Stats. 1986, ch. 475, § 7, p. 1778)[3] new. are prospective only. But the policy behind the statute is not Attorneys have always had a professional responsibility to make sure clients understand their billing procedures and rates. This responsibility logically precludes any changes in agreed-upon rates without notification.

In this case, Severson drafted an agreement which did not specify what its "regular hourly rates" were after having quoted to Bolinger specific rates for two of its attorneys. The agreement contains no language pertaining to rate changes during the course of representation, nor could Bolinger determine from the bills he received that the agreed-upon rates had been increased. Under these circumstances, the fee provisions must be construed in Bolinger's favor as to the charges for the services of Ryland and Wood.

Bolinger also disputes Severson's entitlement to prejudgment interest, costs and attorney fees, and challenges the trial court's calculations thereof. Since resolution of these issues largely depends on the amount of the underlying judgment, they are best addressed by the trial court on remand.

The judgment is reversed and remanded for a hearing on damages, prejudgment interest, costs and attorney fees. In all other respects the judgment is affirmed.

Low, P. J., and Haning, J., concurred.

A petition for a rehearing was denied December 18, 1991, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied February 13, 1992.

---

[3]Business and Professions Code section 6148, subdivision (a), provides that attorney fee contracts exceeding $1,000 "shall be in writing and shall contain," inter alia, "(1) The hourly rate and other standard rates, fees, and charges applicable to the case." Subdivision (b) requires that all bills rendered by an attorney to a client include "the amount, rate, basis for calculation, or other method of determination" of the attorney fees.